## AMERICAN LA FRANCE—FOAMITE CORPORATION v. AMERICAN OIL CO.
### No. 4655.

District Court, D. Massachusetts.
Oct. 27, 1938.

Robert Cushman, of Boston, Mass., and Jeffery, Kimball & Eggleston, of New York City, for plaintiff.

L. G. Miller (of Emery, Booth, Townsend, Miller & Weidner), of Boston, Mass., and James A. Hoffman and Wm. Strauch (of Strauch & Hoffman), and James A. Hoffman, all of Washington, D. C., for defendant.

SWEENEY, District Judge.

The defendant has filed a motion for further and better particulars of the plaintiff's claim. Under paragraphs 1 and 2, a statement is called for as to the claims of the plaintiff's patent that will be relied upon at trial, and a statement as to the manner and means and of· the times and places that the defendant has infringed the plaintiff's patent. The motion for particulars will be allowed so far as these two paragraphs are concerned.

Since bills of particulars become part of the pleadings it is well to confine the disclosures to such matters as are necessary to apprise the defendant of the plaintiff's claim so that it may file its answer and prepare for trial.

Paragraphs 3, 4, and 5 seem to call for a duplication of the information that will be given under paragraphs 1 and 2 with a further demand for specifications as to the method, systems, elements, steps, and features used by the defendant in the alleged infringing device. It is not felt that Rule 12(e), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following sec-

tion 723c, warrants an order which would be so sweeping in its effect. There should be a marked difference between information that can be elicited under a bill of particulars and that which may be elicited through interrogatories. The latter, under the new rules, is very broad. The former should be limited to such information as would be necessary for the defendant to prepare its pleadings, and generally prepare for trial. It is possible that the information given by the plaintiff under paragraphs 1 and 2 may obviate the necessity for further particulars or interrogatories. If not, it strikes me that the matters inquired of under paragraphs 3, 4, and 5 could then be made the subject for interrogatories propounded to the plaintiff.