### MURPHY v. E. I. DU PONT DE NEMOURS & CO.
### No. 159.

District Court, W. D. Pennsylvania.
Feb. 21, 1939.

1000

J. W. Rhodes, of New Castle, Pa., for plaintiff.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., Carl E. Geuther, of Philadelphia, Pa., and James A. Chambers, of New Castle, Pa., for defendant.

SCHOONMAKER, District Judge.

■ This case was removed by defendant from the state court, where plaintiff had filed a statement of claim in an action of trespass under the Pennsylvania Practice Act. Under this Act, 12 P.S. § 412, no further pleadings were necessary in the case. Under Rule 81(c) of the new Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c, repleading is not necessary unless the court so orders. In our view, the statement of claim filed in the state court may properly stand as the complaint under the new Federal Rules of Civil Procedure, which the defendant should answer or present the other defenses or objections available to him under these rules. Accordingly, the defendant has moved for a more definite statement or bill of particulars under the procedure provided for in Rule 12(e) of the new rules.

The plaintiff sues to recover $20,000 damages to her real estate located in the city of New Castle, Pennsylvania, caused by noxious vapors emanating from defendant's plant located a short distance from plaintiff's property, which entered into, spread, and diffused themselves upon plaintiff's premises, injuring and killing on plaintiff's land the trees, hay, grain, vegetables and other plant life that grew thereon. In addition thereto, said vapors were poisonous and injurious to the health, comfort, and convenience of the occupants of plaintiff's premises. The plaintiff claims damages in a lump sum of $20,000 for the injury and destruction of trees and plant-life, for interference with the use and occupation of the land and houses erected thereon, for depreciation in the rental-value thereof, as well as exemplary damages.

■ Defendant claims that it needs further particulars as to the manner of its operation of its plant to produce the noxious vapors complained of in the sixth, seventh, and eighth paragraphs of the complaint.

In our opinion, defendant needs no specifications as to particulars in this regard, and what fumes and vapors, if any, result from that operation.

As to the ninth paragraph alleging destruction and damage to trees and growing crops, we are of the opinion that the defendant is entitled to a bill of particulars of the several items of property damaged or destroyed, as well as the dates when such damage or destruction took place.

As to the tenth paragraph alleging injury to the health, comfort, and convenience of the occupants of plaintiff's premises, we are of the opinion that defendant is entitled to particulars as to the names of such occupants whose health was injured, the nature of the injury, and the expense incurred, if any, for medical treatment.

As to the damages claimed, we are of the opinion that plaintiff should state the amount of damage claimed for destruction of trees and growing crops, the amount of damages claimed for injury to health and for inconvenience, the amount of damages claimed on account of depreciation of the value of her real estate, and also of its rental value, and in addition, the amount claimed as exemplary damage on account of the alleged wilful acts of defendant.

An order may be submitted accordingly.