**ADAMS v. HENDEL et al.**
No. 167.

District Court, E. D. Pennsylvania.
June 16, 1939.

Harry R. Matten and Charles W. Matten, both of Reading, Pa., for plaintiff.

Stevens & Lee, of Reading, Pa., for defendants.

**318**

KALODNER, District Judge.

After plaintiff filed the complaint in his civil action, the defendants moved for a more definite statement. Disposition of the motion requires consideration of the nature of plaintiff's claim, and the manner in which it is set forth in the complaint.

Plaintiff is the receiver in possession of a national bank. Its former directors are the defendants.

The complaint charges that

(a) The bank acted in a fiduciary capacity for certain holders of bonds secured by mortgages originally created with bank funds. It was the bank's duty to collect and remit the interest to the bondholders. The defendants caused a loss to the bank in remitting interest out of the bank's own money when it had failed to collect that interest from the mortgagors, and also in paying out of the bank's funds various maintenance and other costs that should have been borne by the bondholders;

(b) The defendants caused a loss to the bank by improvident loans made, without proper collateral and in amounts not warranted by the financial condition of the borrower, to a corporation organized by the defendant bank directors for real estate speculation, and in buying stock of that corporation;

(c) The bank possessed trust powers and managed trust estates. Due to maladministration of the estates, chargeable to the defendants, courts imposed huge surcharges upon the bank. Thus the defendants caused the bank a further loss.

In connection with (a) the complaint furnishes the dates, amounts and character of the allegedly improper advancements made by the defendants, together with data identifying the mortgages on which the advancements were made.

In connection with (b) the complaint furnishes the dates and amounts of the loans made to the corporation.

In connection with (c) the complaint furnishes the names of the trust estates, the nature of the fiduciary relationship, the name of the court imposing the surcharge, the dates of the surcharging decrees, the amounts of the surcharges and brief statements as to the grounds of surcharge in each case.

By their motion, the defendants seek to elicit much additional data.

With regard to (a), they desire that the plaintiff be ordered to give full details concerning the mortgage loans upon which the allegedly unlawful advancements were made—details such as dates, names of borrowers, description of real estate, dates of default in interest payments, names of the bondholders to whom the alleged advances were made, and various other like details, including requests for some particularization as to some of the advances, such as payment for watchmen's services and insurance premiums.

Plaintiff is not required to furnish such information under this rule, nor is it necessary that the data sought be set forth in the complaint.

Although the defendants' motion is for a more definite statement, it is also in the nature of a motion for bill of particulars. Both are provided for in Rule 12(e) of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The information sought might more properly be requested under Rule 33 providing for interrogatories: but not under Rule 12(e). A fundamental distinction exists between the procedures provided for in each rule. Under Rule 12(e), a party is entitled to information or data, not furnished by the pleading of the other party, but necessary to enable the moving party properly either to prepare a responsive pleading or to prepare for trial. Stated differently, Rule 12(e) permits the moving party to require the other party to define the issues with as much particularity as necessary. Rule 33, on the other hand, permits the moving party to ask for proofs. Information furnished under Rule 33 may become part of the trial record: information furnished in response to a motion under Rule 12(e) becomes part of the pleadings. See American LaFrance-Foamite Corp. v. American Oil Company, D.C., 25 F.Supp. 386; Fried v. Warner Bros. Circuit Management Corporation, D.C., 26 F.Supp. 603.

Examining defendants' motion in the light of what has just been said, I conclude that with regard to (a), the motion need not be granted. The gravamen of the offense charged is that the directors paid out the bank's money for obligations not those of the bank, and when they knew or should have known that the obligations were not those of the bank. Viewed in that light, it is irrelevant when the mortgages were first created, who the mort-

gagees were, what the real estate was, when the mortgagees defaulted in interest payments, who each specific bondholder was, what the rate of watchmen's pay was, what each particular insurance item amounted to, and so on. Those details do not matter. The liability or non-liability of the defendants does not depend on those facts. They are matters of evidence which might be brought out to complete a picture at trial: but their disclosure is not necessary to enable the defendants to prepare a responsive pleading or to prepare for trial.

In this connection it is pertinent to observe that the matters concerning which information is requested are matters which would be particularly within the knowledge of the defendants themselves. They were the directors of the bank. If they did none of those things, all they have to do is enter a denial.

So much for (a). Passing to (b) (the charge that the directors loaned the banks money upon insufficient security and in amounts unwarranted by the financial condition of the real estate corporation created for speculative purposes by the defendants with the bank's money), it is noted that the defendants in general ask for "facts indicating" that what they are charged with doing was unlawful, and what the "acts or omission" of the defendants were, which resulted in loss to the bank, and which are complained of as reckless or negligent.

 Precisely what information the defendants request is not clear. As I read paragraphs 6, 7, and 8 of the complaint—the paragraphs setting forth count (b) relating to the organization of the real estate corporation and the loans to it—they set forth, in my opinion, a valid cause of action, if the facts alleged are true: and a cause of action that is sufficiently defined and sufficiently particularized. The dates and the amounts of the loans are given. If bank directors make loans to a corporation without proper security or in amounts unwarranted by the financial condition of the borrower, then the directors are either chargeable to the resulting loss to the bank, or they are not. If they are, no further particulars are necessary. If they are not, the validity of the complaint in that regard may be attacked by the defendants if they choose. But I know of no additional details that are necessary in order to constitute a properly stated cause of action—if the acts create a liability on the part of the defendants. The defendants, in their motion, seem to be asking for argument rather than for averments of fact.

 As to (c)—the count in the complaint seeking to recover from the defendants the amounts in which the bank was surcharged for alleged maladministration of trust estates:

Here again the defendants make requests similar to those made in connection with (b). The defendants complain that the complaint does not set forth "the acts or omissions of the defendants * * * constituting * * * mismanagement or malfeasance * * *"; the dates of those acts or omissions; facts indicating that the acts or omissions of the defendants were reckless or negligent; and facts showing that any acts or omissions of the defendants resulted in improper or unlawful administration of the trust estates, the dates of those acts, and similar details. The motion also asks for facts "establishing that the alleged surcharges have caused or will cause any loss to the bank. * * *"

In my opinion, Exhibit "B" attached to the complaint, together with paragraph 10 of the complaint, give all the facts and information necessary to ground a cause of action against the defendants. A court of competent jurisdiction has, according to the complaint, found as a matter of record that the bank of which the defendants herein were directors mismanaged and maladministered trust estates to the extent that the bank should be and was surcharged. Exhibit "B" gives a short resume of the grounds of surcharge in each case: it identifies the trust estate and gives the date and amount of the surcharge. Further facts would merely be evidentiary, and have no place in the complaint. Again it should be stressed that the facts upon which the alleged liability of the defendants is predicated include for the most part (entirely, except for the surcharging) acts alleged to have been done by the defendants themselves. If the defendants wish to place evidentiary matter upon the record, they may move to do so by way of interrogatories. But as the pleadings stand, nothing is wanting therein to enable the defendants properly to prepare either their pleadings or the case for trial.

The defendants' motion for definite statement should not be granted.

Defendants' motion for a more definite statement is dismissed.