## SURE–FIT PRODUCTS CO. v. MED–VOGUE CORPORATION et al.
### No. 48.

District Court, E. D. Pennsylvania.
July 6, 1939.

490

Leonard L. Kalish, of Philadelphia, Pa., for plaintiff.

Caesar & Rivise, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

Defendant, counterclaiming in an equity suit, seeks a declaratory judgment declaring plaintiff's patent No. 1,984,973 invalid on the grounds of

(1) Prior publication

(2) Prior public sale

(3) Prior public use

The counterclaim further charges plaintiff with false patent marking upon merchandise and in advertisements; and finally charges plaintiff with unfair competition in disseminating word to the trade, etc., that defendant's product infringes plaintiff's patent, that the defendant would soon be out of business, and that credit should not be extended to defendant.

The plaintiff filed a motion for bill of particulars requesting:

(1) That the defendant identify the alleged publications,

(2) That the defendant identify the prior public sale by furnishing the name and address of the seller, and the date of the sale

(3) That the prior public use be identified by giving the names and addresses of the persons who made the public use, and the date thereof

(4) That the defendant identify the alleged false patent marking by submitting a product of plaintiff so falsely marked, or by disclosing where such product might be found

(5) That the alleged advertisements be identified

(6) That the names and addresses of the persons to whom the alleged false representations were made or disseminated be furnished.

The defendant's position is that none of the required information need be disclosed by them: That in part, the plaintiff seeks evidence which need not be furnished by a bill of particulars; that in part, the plaintiff seeks the names of witnesses, which need not be disclosed at all; and finally, that some of the information sought need only be given by a plaintiff, and not by a defendant; and generally, that the information sought is available by way of interrogatories, and should not be elicited through the medium of a motion for bill of particulars.

■ One of the fundamental distinctions between Rule 12(e), 28 U.S.C.A. following section 723c, which provides for a bill of particulars, and Rule 33, which provides for interrogatories, is that under the latter a party may seek disclosure of matters, which disclosures may later be introduced in the record as evidence; while under the former, a party may properly only seek disclosure of matters which become part of the pleadings, and which are necessary to enable the moving party properly to prepare his answer, or to prepare for trial. I said in passing upon a similar motion:[1] "Stated differently, Rule 12(e) permits the moving party to require the other party to *define the issues* with as much particularity as necessary. Rule 33, on the other hand, permits the moving party to ask for *proofs*. Information furnished under Rule 33 may become part of the trial record: information furnished in response to a motion under Rule 12(e) becomes part of the pleadings. See American La France-Foamite Corp. v. American Oil Company, D.C., 25 F.Supp. 386; Fried v. Warner

[1] Adams v. Hendel et al., D.C., 28 F. Supp. 317, opinion filed June 16, 1939.

Bros. Circuit Management Corporation, D. C., 26 F.Supp. 603."

Tested by this criterion, paragraphs 1, 2 and 3 of the motion for bill of particulars are proper. Those are the paragraphs asking for identification of the alleged prior publications, public sale and public use; see Teller v. Montgomery Ward & Co., D.C., 27 F.Supp. 938, opinion filed April 21, 1939, and cases there cited. Revised Statutes, Section 4920, 35 U.S.C.A. § 69, is declarative of the policy of the law in this regard: The statute cited provides that when a party attacks the validity of invention on the grounds of anticipation, the data sought here must be furnished by that party. It is not important, of course, whether a party nominally occupies the status of plaintiff or defendant: the point is that trials are expedited and justice is served by such disclosure of matters upon which the attacker intends to rely; and the party defending the validity of the patent should have an opportunity to examine the publications and the instances of alleged prior use and sale, in order that he may know what he has to meet to prepare his side of the case: Teller v. Montgomery Ward & Co., supra.

The same reasoning applies to paragraph 4 of the motion, asking for submission of the plaintiff's product anent the charge of false patent marking. There is no point in keeping this exhibit secret from the plaintiff until the time of trial. He should have an opportunity to examine it, so that he may properly prepare his defense. For all that the Court knows at this stage of the proceedings, it may transpire that the product is not the plaintiff's, or that the marking is not his. Failure to produce until the time of the trial might result in depriving plaintiff of sufficient opportunity or time to examine the product fully enough to determine such questions. Technically, it is true that Rule 34, 28 U. S.C.A. following section 723c, provides for discovery of such matters, and that such discovery should not be requested in a motion for bill of particulars: but rigid adherence to the technical aspects of the Rule in this particular case will only make for delay, since it would be a simple matter for the plaintiff to file another motion for discovery if his request in this particular is denied now. The Bar may be cautioned, however, that requests for discovery are, if made under Rule 12(e), open to this technical attack.

The request in paragraph 5 of the motion, for identifying data as to the alleged advertisements, is, by the same course of reasoning, proper. For all that appears at present, the advertisements may not even have been made by the plaintiff. Or, the matter therein may not be objectionable. Plaintiff should not have to wait until the time of trial for an opportunity to inspect that upon which the defendant relies as one of the things constituting false patent marking. The possibilities suggested may be remote, but they exist. Moreover, there seems no valid reason for defendant to object to furnishing the data. The information could certainly be required in interrogatories, and there seems no good reason to withhold it under the present motion.

The information requested in paragraphs 6, 7 and 8 of the motion, however, falls into a different category. These paragraphs request identification of persons to whom alleged false representations concerning defendant's acts were made by the plaintiff. This amounts to a request for the names of witnesses. It should not be granted: Midwest Manufacturing Co., Inc., v. Staynew Filter Corporation, D.C., 11 F. Supp. 705. Moreover, if the plaintiff never made any such statements, all it has to do is enter a denial: if it did make the statements, it knows to whom they were made. Consequently, the facts concerning which information are sought are more within the knowledge of the party here seeking the information than of the adverse party, and it would be futile and illogical to grant such a request. The case of O-So-Ezy Mop Co. v. Channell Chemical Co., D.C., 230 F. 469, relied on by plaintiff in this connection, is inapplicable, since what the Court held there was that the moving party, where derogatory statements were alleged, was entitled to inquire of the adverse party who had made the derogatory statements, on the theory that it might have been an unauthorized person.

This completes the list of requests for information in the motion. The defendant in opposing the motion argues, inter alia, that some of the matters, such as prior publication, etc., concerning which information is sought, are matters of record in suits in other jurisdictions where the plaintiff is a party, and therefore are matters of public record; wherefore the plaintiff should be relegated to the records and not be granted the information requested here.

Whether or not a suit instituted elsewhere is such a public record need not be decided, since it is clear that I have not before me enough to enable me to determine whether what is sought in these proceedings is disclosed in the others, or whether the subject matter of the two sets of proceedings is identical to the extent that the information disclosed in one answers the questions posed here.

The information sought in paragraphs 6, 7 and 8 of the motion for bill of particulars need not be given. With that qualification, the motion is granted and the defendant ordered to file the required bill of particulars within ten days after notice of this order.