ever. It is also true that one of the Judges of the Court of Appeals dissented from affirmance of the conviction.

In this situation, this Court hesitates to make a decision which in effect would overrule those two great Appellate Courts, in this State.

It seems, therefore, to this Court, that it should send this case, as far as it is able to do so, to the Federal Appellate Courts. It has come to this conclusion despite much concern, lest in so doing it fails to perform its duty in not deciding to discharge the relator or remit him to the State authorities for such proceedings as may be appropriate.

The decision then, is that the writ be dismissed and the relator be remanded to the custody of the Respondent Warden, but this decision is made with the expression of opinion that there exists probable cause for an appeal and this memorandum shall be taken as a certificate of probable cause for the allowance of an Appeal to the Circuit Court of Appeals within the provisions of the Judicial Code, 28 U.S.C.A. § 466. A formal certificate will be made upon request.

Nathan A. Heller, of Boston, Mass., for plaintiff.

Joseph Wiggin, T. H. Stearns, James T. Connolly, and Walter R. Donovan, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

The defendant has filed a motion for a bill of particulars in which inquiry is made with regard to six automobiles, the method of acquisition of said automobiles by the bankrupt, and inquiry as to the type of contracts under which the automobiles were acquired.

The bill of complaint discloses a demand for judgment for certain moneys paid by the plaintiff's bankrupt to the defendant. What the defendant seeks in its so-called bill of particulars is information that is properly the subject of interrogatories. Although it states that it seeks the information in order to enable it to properly prepare a responsive pleading and to prepare for trial, I am of the opinion that it can properly answer the plaintiff's complaint without the particulars that are sought to be elicited by its motion. The motion is therefore denied. See American LaFrance-Foamite Corporation v. American Oil Co., D.C., 25 F.Supp. 386.

## MANN v. CADILLAC AUTOMOBILE CO. OF BOSTON.

### In re W. J. PINEAU CO., Inc.
No. 254.

District Court, D. Massachusetts.
Sept. 19, 1939.

### In re MAURER TRADING CORPORATION.

District Court, S. D. New York.
April 13, 1939.

