282

**UNITED STATES ex rel. MARCUS et al. v. HESS et al.**

No. 748.

District Court, W. D. Pennsylvania.
April 22, 1940.

Chas. Margiotti, S. C. Pugliese, and Margiotti, Pugliese & Evans, all of Pittsburgh, Pa., for plaintiff.

Jno. B. Nicklas, Jr., and McCrady, McClure, Nicklas & Hirschfield, all of Pittsburgh, Pa., for defendants Thos. C. Hodgdon, Sr., partners as Fort Pitt Elec. Co. & Franklin Elec. & Construction Co.

Campbell, Wick, Houck & Thomas, of Pittsburgh, Pa., for defendants Jas. V. Burke & Craig Elec. Co., Wm. C. Hemmerle, doing business as Hemmerle Elec. Co., Norman B. Leeke, individually and doing business as Diamond Elect. Co., H. L. Fullerton & Industrial Elec. Co.

Elder W. Marshall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants K. K. Wood, Jas. H. Stauffer, individually and doing business as Stauffer Elec. Co., and Jas. A. Rodden, individually and doing business as Rodden Elect. Co.

Jos. A. Beck, of Pittsburgh, Pa., for defendants Walter C. Gloekler and Star Elec. & Cons. Co.

F. T. Weil and Weil, Christy & Weil, all of Pittsburgh, Pa., for defendants Benj. Raphael & Isreal Raphael, individually and doing business as Raphael Elec. Co.

A. D. P. Miller, of Pittsburgh, Pa., for defendants Edwin C. Carter and Carter Elec. Co.

SCHOONMAKER, District Judge.

The defendants, before responding to the complaint herein, have moved for a more

definite statement under the provisions of Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint discloses that the suit is brought under the provisions of Sections 231, 232, 233, 234, and 235 of Title 31 U.S.C.A. It charges the defendants with a conspiracy to defraud the United States in the matter of electrical work done under various Federal emergency relief and industrial recovery acts through the submission of sham and collusive bids for materials to be furnished and work to be performed on said public works to the damage of the United States in the sum of $744,954.33, and seeks to recover judgment against defendants on that account for $1,489,908.66, and for judgment against defendants and each of them in the sum of $2,000 for each of the contracts involved.

A more definite statement is requested of certain particulars, i. e.:

(1) The names of the "others" and the names of the "non-members" mentioned in paragraph 16 of the complaint.

(2) The methods of computing the items of damage listed in paragraph 18.

(3) The specific facts constituting the overt acts averred in paragraph 18.

Under Rule 12(e), a defendant "may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial." Motions for more definite statements under this rule should be granted only when the complaint is so insufficient that either an answer cannot be prepared in response thereto, or the defendant cannot prepare for trial. See Brinley v. Lewis, D.C.M.D.Pa., 27 F.Supp. 313; E. I. DuPont de Nemours & Co. v. DuPont Textile Mills, Inc., D.C.M.D.Pa., 26 F.Supp. 236; Sure-Fit Products Co. v. Med-Vogue Corporation, D.C.E.D.Pa., 28 F.Supp. 489; Adams v. Hendel, D.C.E.D. Pa., 28 F.Supp. 317; Pearson v. Hershey Creamery Co., D.C.M.D.Pa., 30 F.Supp. 82.

We are unable to see from reading the complaint in the instant case that the defendants need any more definite statement either to prepare an answer to the complaint or to prepare for trial. Speaking of paragraph 16, defendants certainly know whether they had any dealings with "others" or "non-members," and may either admit or deny the allegations of paragraph 16, and prepare for trial along those lines. Speaking of paragraph 18, defendants do not need a disclosure of the method of computing the damages alleged in this paragraph, nor the specific facts constituting the overt acts averred therein, in order to prepare their answer or to prepare for trial.

While the allegation of damage in a complaint is essential, it is not the cause of action. The damages, if any, accruing to a plaintiff are to be liquidated, not on the basis of the allegations of the complaint, nor on the plaintiff's theory of damages, but on the basis of the facts as to damages shown by the record. See Nester v. Western Union Telegraph Co., D.C., 25 F.Supp. 478, 481.

In our view, the plaintiff has sufficiently stated the damage claim and the facts which give rise to it in each Government work project complained of. That is sufficient and complies with our ruling in Murphy v. E. I. DuPont de Nemours & Co., D.C., 26 F.Supp. 999.

As to defendants' request for a statement of the facts constituting the overt acts averred in paragraph 18 of the complaint, we are of the opinion that this paragraph, in connection with the preceding paragraphs of the complaint, alleges sufficient facts to apprise the defendants of the nature of plaintiff's claims. Technicalities in pleading are no longer required. See VanDyke v. Broadhurst, D.C.M.D.Pa., 28 F.Supp. 737.

The motion for a more definite statement will be denied. An order may be submitted accordingly.