### LASICKI v. SOCONY VACUUM OIL CO., Inc.

### No. 456.

District Court, M. D. Pennsylvania.

Sept. 10, 1940.

Louis A. Fine, of Honesdale, Pa., for plaintiff.

Philip V. Mattes, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court for determination of a motion for a bill of particulars filed by the defendant.

The plaintiff brought this action to recover damages for injuries alleged to have been suffered in an explosion of a boiler in a gas station owned by the defendant.

The first request of the defendant requests that: "The details desired are the written or oral words used and by whom uttered in connection with the alleged 'invitation' and the nature of the authority which the alleged agents possessed to authorize them to invite the defendant to enter the premises."

Obviously, there is a mistake in this request inasmuch as it is the plaintiff and not the defendant who is alleged to have been invited to enter the premises. The paragraph of the complaint, which is the subject of this request, reads as follows: "That on the  said date the plaintiff was within the said gasoline station in Forest City by invitation of Joseph M. McGraw and Charles DeLong, who were the duly authorized agents of the defendant and who were acting within the scope of their employment in extending the said invitation."

With this allegation before the Court it is difficult to understand the reason for defendant's request for more particulars. Certainly the plaintiff would be unable to state with greater clarity the persons by whom the invitation was extended. Furthermore, the ultimate fact, the invitation, is alleged and the exact words uttered are merely evidence thereof. Likewise, the alleged authority of the named agents is an ultimate fact and the plaintiff need not enlarge upon such allegation. Therefore, this request must be refused.

The defendant states in his next request that: "The details desired are the facts indicating, not that this may have been an isolated act of negligence but that the said Charles DeLong was, in general, an incompetent and unqualified person."

The paragraph of the complaint to which this request relates is as follows: "The defendant was negligent in selecting and retaining for the said purposes for which he was employed at the time of the accident an incompetent and unqualified person, namely, Charles DeLong." Again the plaintiff has pleaded an ultimate fact. The defendant, by this request, is seeking to obtain the evidence by which the plaintiff will prove the alleged fact of incompetency and lack of qualifications. The alleged negligent acts of DeLong at the time the plaintiff is alleged to have received his injuries are a part of the plaintiff's case, and the details as to those acts are clearly stated by the plaintiff. However, other instances of negligence on the part of DeLong are incidental to the case and merely evidence of the allegation here under consideration, and the plaintiff should not be compelled to give the details of such at this time.

The defendant states in his next request that: "The complaint as a whole fails to disclose such relevant and material facts, required for the proper preparation of defendant's responsive pleading and preparation for trial as the following, to wit: whether the plaintiff was in position to observe and did observe the building of the fire and participated therein and joined in the testing of the operation of the heating apparatus thereby assuming the risk thereof and contributing by his own negligence to his injury. The details desired are the position, observation or means of observation of the plaintiff and the actions taken by the plaintiff in connection with the building of the fire."

Here the defendant is seeking to compel the plaintiff to anticipate the defense. The law of Pennsylvania does not require the plaintiff to prove his lack of contributory negligence or to deny assumption of the risk and, consequently, the plaintiff is not required to allege such lack or to make such denial. Nor have the new rules of civil procedure changed this rule of pleading. Rule 8(c), 28 U.S.C.A. following section 723c, provides that contributory negligence and assumption of risk shall be alleged as an affirmative defense. The facts requested

clearly are not a part of the plaintiff's case and need not be alleged by him.

The defendant states in his last request that: "The complaint as a whole fails to disclose, except in general and unintelligible terms, the extent of the physical and financial damage sustained by the plaintiff. The details desired are accurate descriptions of the extent to which each and every portion of the plaintiff's body, so far as it was affected, was injured, the details of the treatment applied thereto and the names and financial charges of the physicians or surgeons supplying such treatment. Also the details of the regular duties and earning power of the plaintiff alleged to have been affected, including the character and previous duration of his employment and the income derived therefrom during the preceding year; also the sums, if any, actually laid out and expended by the plaintiff by reason of his injuries."

[4-6] The Court has carefully examined the complaint and finds that it is sufficiently particular to enable the defendant to frame his answer. The question remains as to whether the complaint is sufficiently definite to enable the defendant to prepare for trial. The words "prepare for trial" as used in Rule 12(e) of the Rules of Civil Procedure have received a very restricted interpretation both in the decisions of this Court and the majority of those of other jurisdictions. Brinley v. Lewis, D.C., 27 F.Supp. 313; Holtzoff, Alexander: New Federal Procedure and the Courts, p. 36; 1 F.R.D. 345. The reason for this restricted interpretation is based largely upon the theory that the new rules contemplate that the pleadings shall be kept "short and plain." The new rules were designed to provide a speedy disposition of a case on its merits. In order that the merits of the case might be fully investigated, extremely broad methods of discovery were provided by the new rules. For this reason it would be improper to regard a motion under Rule 12 (e) as an additional method of discovery. To so regard it would render pleadings cumbersome and prolix, in many cases would result in unwarranted delay in reaching the time of trial, and in my opinion would not follow the spirit of the new rules. Therefore, the plaintiff will not be required at this time to give the details requested.

It is ordered that the motion for a bill of particulars be, and it is hereby, dismissed.