TOWNSEND et al. v. BOSTON & M. R. R.

SAME v. PALMER et al.

Nos. 635, 636.

District Court, D. Massachusetts.
Dec. 2, 1940.

George E. Roewer (of Roewer & Reel), of Boston, Mass., for plaintiffs Townsend and another.

Gerard D. Reilly and Irving J. Levy, both of Washington, D. C., and Vernon C. Stoneman, of Wage & Hour Division, and Richard W. Hall, both of Boston, Mass., for defendant Boston & M. R. R.

Arthur W. Blackman, of Boston, Mass., for trustees of New York, N. H. & H. R. R.

SWEENEY, District Judge.

In these two cases, which are similar, the defendants have each filed combination motions (1) to dismiss, (2) to add ·parties, (3) to strike, and (4) for a bill of particulars. Each of the motions cover the same points, and both will be disposed of together.

### Motion to Dismiss.

The motion to dismiss for want of the jurisdictional amount of $3,000 is improperly directed since the plaintiffs do not rely on Section 24, Subsection (1) of the Judicial Code, 28 U.S.C.A. § 41(1), for its jurisdictional basis, but, on the contrary, rely on Subsection (8) of the same section which reads as follows: "The district courts shall have original jurisdiction * * * of all suits and proceedings arising under any law regulating commerce."

The defendants' contention that there is no jurisdiction under Subsection (8) is supported by Robertson v. Argus Hosiery Mills, D.C., 32 F.Supp. 19, and cases there cited. Since I cannot follow the reasoning of that decision I think it is

940

well to state my own views on the question. In so doing I do not intend to pass upon the question with that degree of finality which would bar another judge from reaching a contrary decision at the trial on the merits. The following is my own view.

The Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, under which this action has been brought, is a law regulating commerce. See Andrews v. Montgomery Ward & Co., Inc., D.C., 30 F.Supp. 380; Fleming v. Montgomery Ward & Co., Inc., 7 Cir., 114 F.2d 384; Eastern Sugar Associates v. Claiborne, decided by the United States District Court for Puerto Rico September 26, 1939. The only question then is whether this action "arises under" the Fair Labor Standards Act. The words "arising under" have received many and varied interpretations, but a reading of the pertinent cases seems to point to the following as a true test: Whether the cause of action asserts a right of property or of action granted by a law which was passed to regulate commerce. Whenever a statute, enacted pursuant to the power of Congress to regulate interstate commerce, grants a right of property or of action, and suit is brought to enforce that right, such a suit arises under the law creating the right within the meaning of the statute defining jurisdiction of the federal courts. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716, which seems to have applied a test such as this to an action arising under the patent laws. Whether the right of an employee, who is engaged in interstate commerce or in the production of goods for interstate commerce, to receive the minimum wage provided in the Fair Labor Standards Act is a right "arising under" that act seems to me to be answerable only in one way. The history of the legislation shows an intent to confer such a right through the medium of regulation of interstate commerce. It was the Fair Labor Standards Act which produced this right. Analogously, see Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092, which dealt with the Agricultural Adjustment Act of 1938. See the cases collected in note 482 of 28 U.S.C.A. § 41(1).

Another ground for the motion to dismiss is that the plaintiffs are not engaged in interstate commerce. The complaint alleges that they are so engaged, and decision on this particular point should be reserved to the trial on the merits.

Another ground for dismissal is that the plaintiffs, Townsend and Yancey, were not authorized by all of the "red caps" to bring this action. As I understand the law it is not essential that an agent, bringing an action, should receive authority from every person for whose benefit he brings the action, it being sufficient if it is shown that he was authorized by one employee either to bring the action for that employee or for that employee and all others who were similarly situated and to be benefited thereby. There does not seem to be any authority for the appointment of two agents to join in bringing suit, and, accordingly, unless within twenty days the action is amended so as to stand in the name of but one agent, the motion to dismiss will be allowed. If such amendment is made the motion to dismiss is denied on this and all other grounds. The defendants' request that the remaining agent should file as an exhibit in the case specific authorization from the employee represented is allowed.

The alleged failure of the plaintiffs to state a claim upon which relief can be granted is in effect a criticism of the plaintiffs' inability to set out the exact hours and the exact amounts that will be in controversy. Such a failure cannot be deemed fatal when consideration is given to the probability that the plaintiffs are without definite and exact knowledge of the hours and wages in controversy, whereas the defendants, undoubtedly, have full and complete records bearing on this matter.

## Motion to Add Parties.

This motion in substance is that all persons who are alleged in the complaint to be similarly situated with James H. Conover be made parties hereto. I can see no reason why at this stage of the proceedings such a motion should be allowed. The action is brought by an agent of an employee as distinguished from an employee himself, and at some future time the names of all persons who are to benefit by this action can be ascertained through the medium of interrogatories or through some other medium. They are not indispensable parties now.

## Motion to Strike.

The defendants move to strike the fifth paragraph of the complaint which in

substance is an allegation that there is a common question of law and fact between the plaintiffs and all persons in whose behalf this action was filed and the defendants. I can see no harm that will result to the defendants by the retention of this paragraph. If the allegation is not sustained by the evidence it may later be stricken, but if the plaintiffs are able to prove the allegation then it has a proper place in the complaint.

### Bill of Particulars.

The information sought by the defendants in their motion for particulars does not appear to be needed for the purpose of filing their answer. This information may well be the subject of interrogatories after the parties are at issue. See Mann v. Cadillac Automobile Co. of Boston, D.C., 29 F.Supp. 495; also, American La France-Foamite Corporation v. American Oil Co., D.C., 25 F.Supp. 386. The motion for a bill of particulars is therefore denied without prejudice.

The motion to add parties, for a bill of particulars, and to strike are denied. The motion to dismiss will be treated in accordance with the above statement. The defendants' request that the plaintiffs file as an exhibit in the case specific authorization from the employee in whose name this action was originally brought is allowed. Such filing will take place within twenty days.