**THAYER v. REINDL et al.**

**No. 26.**

District Court, W. D. Michigan, N. D.

Dec. 17, 1940.

Louis H. Grettenberger, of Grand Rapids, Mich., for plaintiff.

Doyle & Doyle, of Menominee, Mich., for defendants.

RAYMOND, District Judge.

This is an action against the sheriff of Menominee County, two alleged deputy sheriffs, and the surety upon the sheriff's official bond, for damages arising from alleged negligent operation of an automobile by the said deputies. The complaint alleges that at the time of the accident John Reindl was engaged in the performance of his official duties as deputy sheriff while acting under the direction and authority of the sheriff. The matter is before the court upon motions by defendants, John Reindl, Edward Reindl and Maryland Casualty Company, to require the plaintiff to make a more definite statement or to furnish a bill of particulars setting forth the time, place and manner of the things said John Reindl was engaged in at the time of the alleged accident and informing the defendants under what directions and authority of defendant Edward Reindl the said John Reindl was acting in the official capacity of deputy sheriff. Counsel for defendants urge that the motion is made because of the belief that if the declaration is required to contain a specific and unequivocal statement of what the deputy sheriff was doing by virtue of or under color of office, it will be subject to a proper motion to dismiss for not stating a cause of action against the sheriff and his surety, and that what is desired is that the complaint shall show whether the deputy sheriff was driving his automobile on a pleasure trip in his private capacity or performing duties as a deputy sheriff.

In commenting upon rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is said in Moore's Federal Practice, Vol. 1, page 656: "The grant or denial of a motion for more definite statement or for bill of particulars rests in the sound discretion of the trial court. Such motions no doubt have been useful in securing information which would lessen surprise. But they result in additional or supplementary pleading, and at best are inefficient methods of securing accurate pre-trial information. These can best be obtained under the rules on depositions and discovery, * * *."

In view of the fact that the informaation sought to be obtained upon these motions is peculiarly within the knowledge of and available to the defendants demanding the particulars and is to a large degree inaccessible to plaintiff, it seems more in accordance with justice to deny the motions and leave defendants to the remedies provided by rules 26 to 37, inclusive, of Rules of Civil Procedure. See Lasicki v. Socony Vacuum Oil Co., D.C., 1 F.R.D. 384; Leimer v. State Mutual Life Assurance Co., D.C., 1 F.R.D. 386; Trounstine v. Bauer, Pogue & Co., D.C., 1 F.R.D. 363; United States v. Hess, D.C., 1 F.R.D. 282; Alropa Corporation v. Heyn et al., D.C., 30 F.Supp. 668.

If, upon the taking of depositions, it appears to be established beyond doubt that the relationship between the sheriff and his deputies at the time of the accident was such that no recovery may be had against certain of the defendants, the matter may be disposed of upon motion for summary judgment under rule 56(c), Rules of Civil Procedure. This is the practice which has been followed in this court in like matters and does not place the plaintiff in position where he must accept, and allege as true, facts concerning which he has less knowledge than the defendants have and concerning which he is left without the opportunity of testing the truth of defendants' claims by way of cross-examination.

An order will accordingly be entered denying the motions.