**UNITED STATES v. PETROSKY et al.**
**Civil Action No. 104.**

District Court, W. D. Michigan, S. D.
Feb. 10, 1942.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for plaintiff.

Joseph E. Arsulowicz, of Grand Rapids, Mich., for defendants Agnes and Joseph Petrosky.

Alexander, McCaslin & Cholette, of Grand Rapids, Mich., for defendants Holland Furnace Co. and Holland Credit Co.

RAYMOND, District Judge.

This matter is before the court upon motions by Holland Furnace Company and Holland Credit Company for dismissal of the case as against them, and for an order requiring plaintiff to make its declaration more definite.

The motion to dismiss is based upon the alleged reason that Rule 19, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, does not apply to movants, they having no joint interest as either plaintiff or defendant, that they are not necessary parties, and that any controversy that may exist will require a separate trial to determine. Examination of the pleadings convinces the court that, while movants are not indispensable, they are necessary parties, and that they are within the jurisdiction of the court. The apparent purpose of Rule 19(a) was to adopt the former equity rule relating to parties. This rule was clearly stated in Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 322, 46 L.Ed. 499, as follows: "The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation, by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others who are interested in the subject-matter, by a decree which might otherwise be granted upon a partial view only of the real merits. When all the parties are before the court, the whole case may be seen; but it may not, where all the conflicting interests are not brought out upon the pleadings by the original parties thereto."

The court is of opinion that movants, in the circumstances disclosed by the pleadings, clearly come within the principle above stated, and that in order to prevent future litigation and to avoid the necessity of a multiplicity of suits, an order should be entered denying the motion to dismiss, and it will be so entered.

Upon the motion for an order requiring plaintiff to make its declaration more definite, it is to be observed that there is no showing, and it does not appear from the pleadings, that the information asked is essential to enable defendants to plead. While the information requested may be essential to enable movants to prepare for trial, it is to be observed that complete discovery is provided for under Rules 26 to 37, inclusive, of Rules of Civil Procedure. In the case of Sure-Fit Products Co. v. Med-Vogue Corporation, D.C., 28 F.Supp. 489, 490, it was said: "One of the fundamental distinctions between Rule 12(e), 28 U.S.C.A. following section 723c, which provides for a bill of particulars, and Rule 33, which provides for interrogatories, is that under the latter a party may seek disclosure of matters, which disclosures may later be introduced in the record as evidence; while under the former, a party may properly only seek disclosure of matters which become part of the pleadings, and which are necessary to enable the moving party properly to prepare his answer, or to prepare for trial. I said in passing upon a similar motion: 'Stated differently, Rule 12(e) permits the moving party to require the other party to define the issues with as much particularity as

necessary. Rule 33, on the other hand, permits the moving party to ask for proofs. Information furnished under Rule 33 may become part of the trial record: information furnished in response to a motion under Rule 12(e) becomes part of the pleadings. See American LaFrance-Foamite Corp. v. American Oil Company, D.C., 25 F.Supp. 386; Fried v. Warner Bros. Circuit Management Corporation, D.C., 26 F. Supp. 603.'"

In Moore's Federal Practice, page 656, it is said: "The grant or denial of a motion for more definite statement or for bill of particulars rests in the sound discretion of the trial court. Such motions no doubt have been useful in securing information which would lessen surprise. But they result in additional or supplementary pleadings, and at best are inefficient methods of securing accurate pretrial information. These can best be obtained under the rules on depositions and discovery, * * *."

It follows, therefore, that defendants' motion for more definite statement will be denied, and an order will be entered accordingly.