McKINNEY TOOL & MFG. CO. v. HOYT et al.

Civ. No. 23294.

District Court, N. D. Ohio, E. D.

Dec. 11, 1945.

Harry E. Smoyer, Donald M. Marshman and Eugene B. Schwarts, all of Cleveland, Ohio, for plaintiff.

William K. Thomas, of Cleveland, Ohio, and Ernest Goodman, of Detroit, Mich., for defendants.

JONES, District Judge.

The plaintiff brought this action to recover damages from several employees who allegedly engaged in a strike in violation of Section 8 of the War Labor Disputes Act, 50 U.S.C.A.Appendix, § 1508, in that their representative did not give the notice required by that section, and the defendants did not continue production until 30 days after the giving of such notice. The complaint alleges that, as a direct and proximate result of the defendants' actions, contracts were cancelled, performance of contracts by plaintiff was impeded and satisfied employees left plaintiff's employ because of fear for their safety or interference with their employment, that normal supervisory forces were required to be maintained despite the lack of work occasioned by the strike, that plaintiff's good will and reputation were injured, that, because of the strike, the War Manpower Commission and the U. S. Employment Service withdrew the services of their offices to which plaintiff was entitled, and that, by reason of the above, plaintiff was damaged in the sum of $100,000.

Defendants have moved for a more definite statement or a bill of particulars as to the following matters:

"1. The contracts and orders held by plaintiff which allegedly were cancelled as a result of the activities of defendants and the damage allegedly occasioned thereby to the plaintiff.

"2. The contracts which plaintiff alleges it was seriously impeded in performing as a result of the activities of the defendants and the damage allegedly occasioned thereby to the plaintiff.

"3. The employees of the plaintiff who allegedly were caused to leave plaintiff's employment as a result of the activities of the defendants and the damage allegedly occasioned thereby to the plaintiff.

"4. The alleged damage occasioned to plaintiff by maintaining its normal supervisory staff during the period of the alleged strike due to the activities of the defendants.

"5. The alleged loss to the good-will and reputation of the plaintiff with its customers allegedly caused by the activities of the defendants.

"6. The damage allegedly resulting to plaintiff as a result of the alleged withdrawal from plaintiff of the assistance of the War Manpower Commission and the United States Employment Service."

In order to avoid unnecessary delay in answering and to avoid undue prolixity of the pleadings, courts have held that a party may only utilize a motion for a more definite statement or a bill of particulars to ascertain the ultimate facts which are necessary to enable him to prepare his responsive pleading and that in obtaining evidentiary matters which are obtainable by interrogatories, depositions or discovery he is left to those remedies. Wisconsin Alumni Research Foundation v. Vitamin Technologists, D.C., 1 F.R.D. 8; S. E. C. v. Timetrust, Inc., D.C., 28 F.Supp. 34; Kuhn v. Pacific Mutual Life Ins. Co., D.C., 37 F.Supp. 100; Kellogg Co. v. National Biscuit Co., D.C., 38 F.Supp. 643.

In the case of Murphy v. DuPont, D.C., 26 F.Supp. 999, relied upon by the defendants, where the damages claimed were required to be separately stated as to amount, the injury was alleged to have been to various kinds of property and to health. Here there are, it is true, different elements of damage alleged but only one unliquidated damage, and that to the plaintiff's business.

Responding to the remainder of the motion requesting detailed information as to the contract alleged to have been cancelled, or their performance impeded, and the names of the employees alleged to have left plaintiff's employment as a result of the strike, the matters appear to be evidentiary in nature and unnecessary for the preparation of an answer.

For the above reasons the motion will be overruled.