McKENNA et al. v. UNITED STATES LINES, Inc.

District Court, S. D. New York.
Jan. 19, 1939.

Melton, Lebovici & Arkin, of New York City, for plaintiffs.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant.

HULBERT, District Judge.

Defendant moves for a bill of particulars.

Before the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, were promulgated, if a pleading were defective the remedy was to move for an order directing that it be made more definite and certain. A bill of particulars could not be had until after issue joined.

Apparently Rule 12 (e) was designed to avoid any distinction between these two practice motions (Moore's Federal Practice, page 654) and it seems that either motion must be made within twenty days after service of the pleading to which it is addressed.

Rule 8, in part, provides:·

"(a) A pleading which sets forth a claim for relief, * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.

"(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms ·of pleading or motions are required."

All of which is in furtherance of the policy to simplify procedure and facilitate the speedy determination of litigation.

A bill of particulars becomes a part of the pleading which it supplements.

This is an action under a special rule for seamen to sue without prepayment of costs, etc., and the complaint alleges that on or about February 5, 1937, the three plaintiffs signed regular shipping articles for service aboard the steamship Washington operated by the defendant as a merchant vessel.

The plaintiffs then allege that in violation of its duties to provide plaintiffs with a safe and seaworthy vessel, and to keep same in a safe condition; to furnish plaintiffs with a sufficient number of safe and competent co-employees; to promulgate and enforce proper and safe rules for the safe conduct and work aboard the vessel, and to warn the plaintiffs of the dangers to arise and to be encountered therein, the defendant negligently and recklessly employed other seamen who were a danger and menace to the safety of the vessel, and other persons employed thereon, some of whom bore ill will toward and had vicious and violent designs upon the plaintiffs, and the employment of such persons was continued with full knowledge that they were planning to do bodily injuries to the plaintiffs, and the defendant failed to protect the plaintiffs therefrom, and that on February 19, 1937, the plaintiffs were set upon, assaulted and violently beaten and suffered physical injuries as a result thereof, without fault upon their own part, and each of the plaintiffs seeks to recover the sum of $10,000 damages.

The defendant seeks an order pursuant to Rule 12 (e), Federal Rules Civil Procedure, directing the plaintiff to serve a bill of particulars "with respect to the following matters, which the plaintiffs have not averred in their complaint, with sufficient definiteness or particularity to enable the defendant properly to prepare for trial;" and then follow 48 requests for specific information.

The Rule under which this motion is made, states in part: "The motion shall point out the defects complained of and the details desired." Rule 12 (e)

Counsel for the defendant makes preliminary objection that no details in the pleading are pointed out and, therefore, the motion should be denied without prejudice to a renewal upon compliance with that provision of the rule.

560

■ ■ But, construing the rules in the spirit of liberality, which it seems to me was the purpose and intent of their adoption, I hold that the 48 paragraphs seeking particulars as not having been averred with sufficient definiteness or particularity to enable the defendant to properly prepare for trial, is a substantial compliance with Rule 12 (e).

■ It still rests in the discretion of the Court to determine whether a bill of particulars will be ordered and to what extent.

The motion is granted as to items 1, 2, 4, 5, 6, 8, 9, 13, 23, 24, 25, 26, and 28 to and including 48, in whole or in part, and denied as to items 3, 7, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 27, to the extent indicated by endorsement upon the motion papers. Settle order on two days' notice unless consented to as to form.