## MOOG v. WARNER BROS. PICTURES, Inc.

District Court, S. D. New York.
Aug. 2, 1939.

Downey, Lipper, Shinn & Keeley, of New York City (Aaron Lipper, of New York City, of counsel), for plaintiff.

R. W. Perkins, of New York City, for defendant.

HULBERT, District Judge.

Motion for a bill of particulars denied.

Plaintiff alleges that she is a citizen and resident of the State of New York and sues the defendant, a corporation organized under the laws of the State of Delaware, to recover the sum of $75,000.

The complaint is based upon sections 50 and 51 of the New York State Civil Rights Law, chapter 14, Laws of 1909 (Consol.Laws, c. 6), and alleges that commencing on or prior to the 1st day of January, 1939, and continuously thereafter until the commencement of this action, the defendant knowingly and without consent of the plaintiff used the name of the plaintiff for advertising and trade purposes in the State of New York and elsewhere, in connection with the production, exploitation and distribution of a motion picture entitled "Confessions of a Nazi Spy" produced and distributed by the defendant; that the character of Erika Wolf, portrayed by Lya Lys, an employee of the defendant, in the moving picture entitled "Confessions of a Nazi Spy", was intended to and did refer to the plaintiff; that Lya Lys was identified as portraying the plaintiff by the defendant, its agents, representatives and employees in the course of the production, publication, exploitation and distribution of said moving picture and in advertising and press articles prepared and distributed by the defendant; that said articles and reference to the plaintiff therein and in the picture, insofar as same referred to plaintiff, were scandalous and defamatory and rendered and made the plaintiff an object of contempt and ridicule among her friends and neighbors and those who knew her or of her, and she has been subjected to suffering in mind and body and has been caused to suffer embarrassment, ridicule and disgrace and has been prevented from pursuing her normal business and duties and has been made an object of public comment and contempt.

Defendant moves for a bill of particulars, as if it were a matter of right, claiming that the complaint is vague and indefinite.

Rule 12 (e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes a party to move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial, but it is not incumbent upon the court to grant the relief sought unless a proper case is made out.

The complaint in this case complies with the requirements of Rule 8, Federal Rules of Civil Procedure, and there is nothing shown in the moving papers to indicate that the defendant is unable to make adequate answer thereto. All the information which the defendant avers it requires

to enable it to prepare for trial may be sought *after issue joined pursuant to Rules* 26 and 33, Federal Rules of Civil Procedure. Settle order.