### SHARP v. PENNSYLVANIA–READING SEASHORE LINES.

### No. 490.

District Court, D. New Jersey.

Nov. 9, 1939.

Lester Wood and I. H. Halpern, both of Washington, D. C., for plaintiff.

H. W. Kelly and R. E. L. Goff, both of Washington, D. C., for defendant.

Bolte & Miller, of Atlantic City, N. J., for the motion.

French, Richards & Bradley, of Camden, N. J., opposed.

AVIS, District Judge.

This action was instituted by plaintiff as administratrix to recover damages alleged to have been sustained by the family of plaintiff's intestate by reason of his death due to injuries suffered by him while an employee of defendant and by reason of defendant's negligence.

Defendant sets up certain affirmative defenses attached to its answer, and counsel for plaintiff moves for a more definite statement and bill of particulars as to these defenses, claiming that the defenses are pleaded as a conclusion and do not set out facts to sustain them.

The motion is made under the authority contained in Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which permits a motion for a more definite statement or for a bill of particulars, and this rule also provides that a bill of particulars shall become a part of the pleading which it supplements. Under this rule it has been determined, and I think rightly, that a motion based on either claim is for the accomplishment of the same purpose.

Rule 8(c) provides for affirmative defenses in all pleading subsequent to the complaint, and particularly states certain defenses that may be so pleaded—among these are contributory negligence and assumption of risk.

The third and fourth defenses pleaded are both essentially contributory negligence, and no facts are set out in the pleading upon which such defense is based. Plaintiff demands that the facts be set out in full.

This defense is statutory in its nature, or at least is under a rule made by authority of a statute, and it seems to be a good pleading if sufficient facts are stated to apprise the opposing party of the nature of the claim, as held in the case of Joseph Van Dyke v. Thomas H. Broadhurst, 28 F.Supp. 737, by Judge Watson in the Middle District of Pennsylvania in an opinion filed August 7, 1939.

The controlling case on this question is that of Sierocinski v. E. I. du Pont de Nemours & Co., 103 F.2d 843, decided by the Circurt Court of Appeals for the Third Circuit, in which it approves Form 9 in the Appendix of Forms attached to the Rules, 28 U.S.C.A. following section 723c, stating negligence as follows: "defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." If this statement is sufficient to charge negligence, a special defense charging "contributory negligence" is sufficient to apprise the plaintiff of the nature of the defense, and other particulars may be obtained by the use of the discovery proceedings of the rules, to wit, interrogatories or depositions.

It is apparent from all of the investigation I have made, that the new rules are for the purpose of simplifying pleadings, and facts needed by plaintiff for trial are to be obtained from the rights of discovery contained in said rules.

The demand for bill of particulars as to the defense of contributory negligence will be refused.

The sixth and seventh defenses both set up the defense of assumption of risk, and this defense arises out of the nature of the employment—is express or implied —and unless assumed by an express contract, the facts upon which it is based are incapable of being described, except as it may apply to the nature of the employment which it accompanies. See, 39 Corpus Juris, p. 684, § 882, et seq.

I also believe the pleading to be sufficient to apprise plaintiff of the nature of this defense under the rules. The plaintiff cannot reply to this defense, except by special leave of the Court, and in preparation for trial as to all defenses the other provisions of the rules are available. See, Fried v. Warner Bros. Circuit Management Corporation, D. C., 26 F.Supp. 603.

The demands will be denied.