### ALROPA CORPORATION v. HEYN et al.
### No. 489.

District Court, W. D. Pennsylvania.

Nov. 28, 1939.

Wm. S. Doty and Doty & Thornton, all of Pittsburgh, Pa., and Blanc & Steinberg, of Philadelphia, Pa., for plaintiff.

Linn V. Phillips, of Uniontown, Pa., for defendant Leo Heyn.

T. W. Pomeroy, Jr., H. E. Hackney, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa.; for defendant Emma Carroll.

SCHOONMAKER, District Judge.

This is an action by a judgment-creditor to set aside as fraudulent a conveyance of real estate by defendant Heyn to defendant Carroll.

Defendant Carroll has filed an answer in which she admits the conveyance of the real estate in question, but denies that it was made with intent to defraud the plaintiff. She further denies that the conveyance was without consideration, and on the contrary avers that at the time of said conveyance, Heyn was indebted to her in substantial amounts; that the exact amount of such indebtedness she is unable to set forth, because the books and records pertaining thereto have been lost, destroyed, or mislaid; that said conveyance was in satisfaction of said indebtedness; and that since such conveyance to her she has made substantial improvements on the property so conveyed to her.

The plaintiff has moved, under Rule 12 (e) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, for a bill of particulars as to what constitutes the "substantial amounts" of indebtedness referred by defendant Carroll in paragraph 3 of her answer; and as to what constitutes the "substantial improvements" referred to in paragraph 4 of her answer,—on the allegation that the matters complained of are not averred with sufficient definiteness and particularity to enable the plaintiff to prepare for trial.

The pleadings in this case are now complete. The plaintiff does not need the

particulars asked in order to permit it to file a responsive pleading. Such pre-trial information as it may require can be obtained under the rules relating to depositions and discovery.

The motion for a bill of particulars will be denied.

■ As to plaintiff's motion to strike, under Rule 12 (f), from paragraph 2 of the answer as immaterial and impertinent, the allegation at the end of the paragraph that the defendant is an endorser of one of the notes on which plaintiff entered judgment against defendant Heyn. We cannot say at this time whether this fact is material to the issue in the instant case or not; and we prefer to consider that question when the whole case is before the court on the pleadings and proofs. The motion to strike will be denied.

Orders may be submitted accordingly.