UNITED STATES v. SCHINE CHAIN THEATRES, Inc., et al.
No. 223.

District Court, W. D. New York.
Jan. 17, 1940.

206

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Thurman Arnold, Asst. Atty. Gen., Herbert Borkland, Sp. Asst. to the Atty. Gen., Seymour Krieger, Sp. Atty., of Washington, D. C., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for plaintiff.

Frederick H. Wood, Willard S. McKay, Thomas T. Cooke, and Cravath, DeGersdorff, Swaine & Wood, all of New York City, and Penney & Penney, of Buffalo, N. Y., for defendants Schine Chain Theatres, Inc., and others.

John Lord O'Brian, of Buffalo, N. Y., for defendants Loew's, Inc., Warner Bros. Pictures, Inc., Vitagraph, Inc., Paramount Pictures, Inc., and Paramount Film Distributing Corporation.

Schwartz & Frohlich, of New York City, (Irving Moross, of New York City, of counsel), for Columbia Pictures Corporation.

O'Brien, Driscoll & Raftery, of New York City, for United Artists Corporation.

Dwight, Harris, Koegel & Caskey, of New York City (Richard E. Dwight and John Fletcher Caskey, both of New York City, of counsel), for defendant Twentieth Century-Fox Film Corporation.

Donovan, Leisure, Newton & Lumbard, of New York City, for RKO Radio Pictures, Inc.

KNIGHT, District Judge.

Motions are made by the several defendants for a more definite statement and for a bill of particulars of the complaint herein under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The suit is brought for violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. The

Schine defendants operate numerous motion picture theatres in five different states. The other defendants are distributors from whom moving picture films are purchased by the Schine defendants. The complaint charges conspiracy between said operators and distributors and also a monopoly by the exhibitor defendants. It includes charges alleged to extend over a period of twenty years and involving many acts of each of the parties defendant to the suit. Demand is made for answers to many hundreds of different particulars. While the court has a broad discretion in applications of this nature, the great importance of the charges set forth in the complaint, both as regards the individual defendants and the public, compel most careful consideration of the demands and the bases upon which they are laid. Each demand and its relation to the purpose of the rule will be examined separately. As regards certain of these demands, the disposition of the major question may dispose of those which were supplementary to it.

Rule 12(e), in part, provides: "a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial."

■ The purpose in the adoption of the new Rules of Civil Procedure was to unify and simplify the procedure in District Courts in civil actions. To this end Rule 1 declares they are to be construed "to secure the just, speedy, and inexpensive determination of every action;" Rule 8(a) provides that "A pleading * * * shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief, * * *"; Rule 8(e) provides that a pleading "shall be simple, concise, and direct"; Rule 8(f) that "All pleadings shall be so construed as to do substantial justice"; and generally speaking, pleading ultimate facts is sufficient. Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276; 49 L.Ed. 518.

Former Equity Rule 20, 28 U.S.C.A. following section 723, authorized two distinct motions for two distinct purposes: 1—to make the complaint more definite and certain; and 2—for a bill of particulars. The former, being essentially in aid of the answering pleader, was made before answer; the latter, in aid of the trial, was made after issue joined. The new rules,

26 to 37, inclusive, include greatly extended provisions for taking of depositions, discovery and interrogatories. It is significant that such depositions can be taken with leave of the court upon the obtaining of jurisdiction, as well as after issue joined, without such leave.

■ Rule 12(e) has been considered by the courts many times. This has resulted largely because of the provision that the motion may be made to enable the party "to prepare for trial." Standing alone, the meaning is not clear and is susceptible of the interpretation that it permits a broad examination as to the facts, on the theory that it is necessary in order to prepare for the actual trial of a suit. Doubtless this interpretation has been sought in many instances for different reasons. Since the bill of particulars becomes a part of the pleading, such examination necessarily limits an opponent in his proof. Again, after a bill had been furnished, a party may apply for a discovery covering largely, perhaps, the same ground, but from another viewpoint. Unnecessary delay and confusion in the trial would result. Duplication of proceedings is not in harmony with the new rules. However, when 12(e) is considered in connection with the provisions for discovery and interrogatories, it seems plain that the intent of the draftsmen was that the words "to prepare for trial" relate only to matters necessary to be known to a party to put his pleading in such shape that all the issues might understandingly be met. The two provisions of the rule are to be read with substantially equal effect. The bill of particulars was not intended to take the old meaning and have the old use of the former bill of particulars. Considering the discovery and interrogatory provision, this would have been a clear duplication. The meaning of this rule is clearly stated in the discussions and presentation of the rules by the drafting committee before their adoption. As was said by Dean Clark (now Circuit Judge), who was a member of the committee which drafted the rules of procedure and took active part in their preparation: "We tried to do away with any formal difference between the two in effect or in result. Each one becomes a part of the pleading." The purpose of each of the separate provisions of Rule 12(e) is the same. Moore's Federal Practice, p. 654; Vol. 1. Apparently Rule 12(e) was designed to avoid any distinction between these two practice motions. McKenna v.

United States Lines, D.C., 26 F.Supp. 558. There are many other opinions to the same effect.

"Evidence and proof can not be made a part of the pleadings under Rule 12(e), thereby destroying the fundamental distinction between the ultimate facts, which alone should be pleaded, and the evidence and proof upon which these facts are based." Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C., 27 F.Supp. 987. "One way of obtaining proof before trial is through interrogatories but never through a bill of particulars. * * * To construe Rule 12(e) so as to destroy the fundamental distinction between pleading and proof has never been suggested or intimated by any commentator." Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co., D.C., 25 F.Supp. 598, 599. "While it is doubtless more convenient for counsel to seek the information in such a motion as this, it is not thought that Rule 12(e), 28 U.S.C.A. following section 723c, was framed as an alternative to, or supplement of, the provisions touching discovery." Bicknell v. Lloyd-Smith, D.C., 25 F.Supp. 657, 658. Among the many other cases which have construed the meaning of this rule as here are: American LaFrance-Foamite Corp. v. American Oil Co., D.C., 25 F.Supp. 386; Fried v. Warner Bros. Circuit Management Corp., D.C., 26 F.Supp. 603; Abruzzino v. National Fire Ins. Co., D.C., 26 F.Supp. 934; Abel v. Munro, D.C., 27 F.Supp. 346; Adams v. Hendel, D.C., 28 F.Supp. 317; Sure-Fit Products Co. v. Med-Vogue Corp., D.C., 28 F.Supp. 489; Moog v. Warner Bros. Pictures, Inc., D.C., 29 F.Supp. 479; Sharp v. Pennsylvania-Reading Seashore Lines, D.C., 1 F.R.D. 16; Wisconsin Alumni Research Foundation v. Vitamin Technologists, Inc., D.C., 1 F.R.D. 8; Alropa Corp. v. Leo L. Heyn et al., D.C., 30 F.Supp. 668; McCarthy v. Thomas M. Schumacher et al., D.C., 1 F.R.D. 8.

Necessarily in applying Rule 12 (e) the court must take into consideration the nature and complexity of the suit. Preparation of the proper pleading for trial in this suit requires a statement of matters and their relation to each other far more extensive from that in a simple pleading on contract or in negligence. The court has been conscious of this. It has sought to be liberal in acting on the demands. Defendants, however, have ample opportunity, under other provisions of the rules, to procure information as to many matters concerning which their demands herein are denied.

The court is advised of the opinion of District Judge Bondy of this Circuit in United States v. Paramount-Pictures, Inc., D.C., S.D.N.Y., 1 F.R.D. 100. It presents a state of facts quite comparable with the ones here. For any decision by this fellow Judge I have the highest respect. While it may be said that he acted within his discretion, it seems to me that his decision, as to many of the demands, for particulars was not within the spirit or the intent of the rule. Folley Amusement Holding Corp. v. Randforce Amusement Corp., D.C., 32 F.Supp. 361, decided Aug. 5, 1939, was a suit between individuals and for that reason is somewhat distinguishable. However, it seems to me that it, also, extends the rule beyond its intent. United States v. Balaban, D.C., 26 F.Supp. 491, does not present a motion under Rule 12(e). It does not appear what the motion was in Mulloney v. Federal Reserve Bank of Boston, D.C., 26 F.Supp. 148. The other cases cited by defendants on this point were decided under the old rule.

Separate specific demands for bills of particulars have been submitted on these motions by several of the defendants. A comparison of these shows that many are identical with or are comprehended within the meaning of those submitted on behalf of the Schine defendants.

It is not necessary to pass on these a second time. I have acted on the other requests as hereinafter indicated.

Defendants may have 40 days after service of a more definite statement and of the bill of particulars as herein required in which to answer.

### Schine Defendants
### Specifications of Demand.

1. A and B. Denied. The paragraph does not allege that the Schine defendants are engaged in interstate commerce. The facts relative to what constitutes interstate commerce are sufficiently set forth in paragraphs 25 and 28 of the complaint.

II. A. Denied. It calls for wholly evidentiary matter.

II. B. Allowed. While it is reasonably probable that the defendants know the identity of the "independent distributors", it is thought that the plaintiff should identify these insofar as it is able to do so at this time.

II. C. Denied. The answer to II. B, preceding, is sufficient to meet the purpose of the rule.

II. D. Denied. It calls for evidence.

II. E. Denied. It calls for an evidentiary statement which is not a proper part of the pleading.

III. A and B. Allowed.

■ IV. A, B, D, E and F. Denied. The acts charged as constituting a conspiracy and a monopoly are sufficiently set forth in the complaint to enable the defendants to answer and prepare for trial. It is reasonably probable that the proof of a conspiracy and of a monopoly will be based to a considerable extent upon facts from which the court will be asked to draw inferences of liability. The defendants are in a better position to deny these facts than the plaintiff is to set them up in a bill of particulars which confines the proof. Then, again, these requests largely are directed to evidentiary matter.

IV. C. Allowed.

■ V. A(1), D and E are each allowed. It is quite true, as claimed by the government, that the information sought is probably obtainable from the records of the defendants themselves, but this does not deny the right of the claimants to require the government to particularize.

V. A(2), B(4) (5) (6). Denied. The answer to A(1) will suffice.

V. B. Denied. The reason for this denial is sufficiently hereinbefore expressed. The complaint alleges that these distributors acted as a result of a conspiracy and combination.

V. C. Denied. Sufficient reason for this denial is hereinbefore set forth relative to comparable demands.

VI. A(1). Allowed.

VI. A(2), (3), (4), (5), (6). Denied. These are sufficiently answered in VI. A (1). These, also, call for statements of evidence. With or without an answer to the situations are readily ascertainable by the defendants and it is not necessary for the plaintiff to answer them in order that defendants may prepare for trial.

VI. B. Denied. Sufficient reasons are shown in V. B. supra.

VI. C. Denied.

VI. D. Denied. The complaint is sufficient in this respect.

VI. E. Denied. Reasons therefor sufficiently appear hereinbefore.

VII. A. Allowed.

VII. B. Allowed.

VII. C. Denied. This is directed to matter not in issue.

VII. D. Allowed.

VII. E. Disallowed. This is sufficiently answered in the complaint.

VII. F. Denied. This calls for purely evidentiary matter.

■ VII. G. Denied. The matter of the inquiry is not in issue.

VII. H. Denied. This calls for evidentiary matter.

VII. I. Denied. This calls for evidentiary matter.

VIII. A. Allowed. It seems to me the defendants are entitled to this information as an aid for preparation for trial.

VIII. B. Denied. This will be sufficiently answered in response to VIII. A.

VIII. C. Denied. This is sufficiently answered in the complaint.

VIII. D. Denied. This denial is based on the grounds given for the denial of similar questions. This calls for evidentiary details not in contemplation of the requirement of the rule.

VIII. E. Allowed. This calls for a more specific answer than is shown in paragraph 46 of the complaint.

VIII. F. Denied. It calls for matters of evidence.

IX. A(3). Allowed. The government claims that it does not know at present the protection granted to all of the Schine circuit but expects to develop this information through discovery procedure. When that procedure shall have been concluded any additional theatres may be named.

IX. A(1), (2), (4), (5), (6), (7). Denied. Sufficient information is required in A.(3) granted as above.

IX. B. Denied. This is sufficiently answered in the complaint.

IX. C. Denied.

X. A. Allowed. Plaintiff will be required to give approximate number.

X. B.(1). Allowed.

X. B(2), (3), (4). Denied.

X. C. Denied. The complaint is sufficiently explicit. The reason for disallowance is sufficiently hereinbefore shown in statement regarding similar questions.

X. D. Denied. This calls for evidentiary matters.

XI. A. Allowed. Plaintiff will be required to give approximate number.

XI. B (1) and (2). Disallowed. This calls for matter of evidence.

XI. C. Allowed, only to the extent of stating the names and addresses of "other exhibitors."

XI. C (1) and (2). Denied. See last above.

XI. D. Denied. The complaint charges (P 46) that the defendants conspired.

XI. E. Denied. It calls for statements of evidence.

XI. F. Allowed. The complaint seems to answer this (46 g) but plaintiff may give a further answer if it can in regard to the prevention.

XII. A. Denied. The question calls for particulars of evidence. It is not the province of the bill of particulars to provide the details here sought. They are not proper part of a pleading. The information as to the facts are available to defendants.

XII. B. Denied for reasons given hereinbefore.

XII. C. Denied for reasons given hereinbefore.

XII. D. Denied for reasons given hereinbefore.

XIII. A. Denied. "Circuit buying power" is sufficiently described in the complaint. In any event there could be no confusion about its meaning.

XIII. B. Allowed.

XIII. C. Allowed.

XIII. D. Allowed.

XIII. E. Denied. It is sufficiently answered in paragraph 46 of the complaint.

XIII. F. Denied. See action on similar questions.

XIII. G. Denied. It calls for evidence.

XIII. H. Allowed. H (1), (2), (3). Disallowed.

XIII. I. Denied.

XIV. A. Denied. The meaning of the words "assurance of product", under the allegations of the complaint, is plain. The remainder of the question calls for evidence.

XIV. B. Denied.

XV. A, B, C, D, F, G. Allowed.

XV. E, H. Denied.

XVI. A. Allowed. A. 1–9, inclusive. Denied.

XVI. B. Allowed.

XVII. A. Allowed.

XVII. B, C and D. Denied.

XVIII. A and B. Denied.

XIX. A. Allowed.

XIX. A (1)–(5), inclusive. Denied.

XX. A. Allowed.

XX. B. Allowed.

XX. C. Allowed.

XX. D and F. Denied.

XXI. Allowed to the extent that the plaintiff should be required to name the theatres and exhibitors involved and that alone.

XXII. Denied. This calls for details of evidence.

XXIII. Denied. This calls for details of evidence.

XXIV. A. Allowed.

XXIV. B and C. Denied.

XXV. A. Denied. This is sufficiently answered in the pleading.

XXV. B. Denied. This calls for matter of evidence.

XXV. C. Allowed.

XXV. D. Allowed.

XXVI. A, B. Allowed. C, D. Denied.

XXVII. A. Denied. This is sufficiently answered in the pleading.

XXVII. B. Denied.

XXVII. C. Denied. This calls for matters of evidence.

XXVIII. A. Allowed.

XXVIII. B and C. Denied.

XXIX. A. Denied.

XXIX. B and C. Allowed.

XXX. Denied. It calls for matters of evidence.

XXXI. Denied. It calls for matter of evidence.

XXXII. A and B. Allowed.

XXXII. C. Denied.

XXXIII. A. Allowed.

XXXIII. B. Denied.

XXXIV. A. Allowed.

XXXIV. B, C and D. Denied. These are sufficiently answered by answer to preceding A.

XXXV. A, B, C, E, and F. Denied. D. Allowed.

XXXVI. A, G, H (1). Allowed.

XXXVI. B, C, D, E, F, H (2). Denied.

XXXVII. Allowed. This is only to the extent, however, of naming each such exhibitor and location of his theatre.

XXXVIII. A. Allowed.

XXXVIII. A (1), (2), (3), (4), (5), (6). Denied.

XXXIX. A. Allowed.

XXXIX. A (1), (2), (3), (4). Denied.

XXXIX. B. Allowed.

XXXIX. B. (1), (2), (3), (4), (5). Denied.

XXXIX. C. Denied.

XL. A. Denied.

XL. B. Denied.

XL. C. Denied.

XL. D. Denied.

XL. Allowed.

### Paramount Pictures, Inc.
### Demand for Particulars.

Decision on the motion for particulars as hereinbefore set forth demanded by the Schine defendants is controlling in all demands for particulars made by Paramount Pictures, Inc., and such may stand as a decision on this motion, except in the respects which follow:

5. As to the allegations in paragraph 46(a): (a) (1) Allowed. (d) Allowed. (e) Allowed.

13. As to the allegations in paragraph 48: (a) (5) Allowed. (a) (7) Allowed.

15. As to the allegations in paragraph 49(a): (n) (1) Allowed. (o) Allowed.

18. As to the allegations in paragraph 50: (d) Allowed.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### Columbia Pictures Corporation.
### Demand for Particulars.

What has hereinbefore been said with regard to the demand of Paramount Pictures, Inc., applies with regard to the demand of Columbia Pictures Corporation. The following action is taken as to the demands not considered, allowed or disallowed on the application of the Schine defendants:

II. As to Paragraph 32: 1. Allowed.

III. As to Paragraph 39: 1. Denied.

IV. 4. Denied. Proof as to this is a detail of the evidence.

VII. As to Paragraph 45: 1. Allowed.

XII. As to Paragraph 45(e): 1. Allowed.

XVI. As to Paragraph 47: 6 (g). Allowed.

XVII. As to Paragraph 48: 1. Allowed.

XXXIV. As to Paragraph 49 (b) (6): 1. Allowed.