**EGYES v. MAGYAR NEMZETI BANK.**
**et al.**

**Civ. No. 1545.**

District Court, E. D. New York.

Dec. 13, 1940.

Seligsberg & Lewis, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City, for defendant Cash Office for Foreign Credits.

Reynolds, Richardson & McCutcheon, of New York City, for defendant National Bank of Hungary.

CAMPBELL, District Judge.

This is a motion for a bill of particulars comprising fourteen items, of which Items 1–7 both inclusive are requested to be answered by the defendant National Bank of Hungary, and Items 8 to 14, both inclusive, are requested to be answered by the defendant Cash Office for Foreign Credits.

The defendants have pleaded separate defenses, including the laws, decrees and ordinances of Hungary, and amendments, modifications and extensions thereof, constituting the Hungarian transfer moratorium, the effect of which is alleged.

Items 1, 2, 8 and 9 of the motion for a bill of particulars request the defendants to furnish true copies of all such laws, etc., and English translations.

■ All of that, the defendants will be obliged to furnish on the trial as their evidence, but, it is not the province of a bill of particulars to furnish evidence, and that has not been changed by Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Defendants have alleged what in substance they contend is the effect of such legislation in respect of long-term foreign currency debt, including all bonds and coupons described in the complaint herein, but in addition to that, and only in addition to that, the defendants are required in response to said Items 1, 2, 8 and 9, as addressed to each of them respectively, to furnish the plaintiff with a list of the titles of the various laws, decrees and ordinances of Hungary and amendments, modifications and extensions, and the dates when each of them was enacted, granted or promulgated.

The remaining requests as to each defendant are not of a character which may be required by way of a bill of particulars.

■ The plaintiff has made a complete allegation as to the amounts which they contend the defendants received for their benefit, and the defendants have pleaded in clear and certain language their de-

nials and defenses, and the plaintiff cannot, as in this instance, require the defendants to furnish by way of a bill of particulars, the evidence necessary to prove plaintiff's prima facie case.

If the plaintiff is entitled to the information so requested, it must be obtained by interrogatories or discovery. Brinley v. Lewis, D.C., 27 F.Supp. 313; Leimer v. State Mut. Life Assur. Co., D.C., 1 F.R.D. 386, 387.

■ Plaintiff is not in its requests for the remaining items assisted by the words "to prepare for trial", as used in Rule 12(e) of the Federal Rules of Civil Procedure, as in that Rule those words relate only to matters necessary to be known to a party to put his pleadings in such shape that all the issues might understandingly be met. United States v. Schine Chain Theatres, Inc. et al., D.C., 1 F.R.D. 205, 207; Tully v. Howard et al., D.C., 27 F.Supp. 6.

■ That plaintiff may be put to some difficulty in obtaining the information requested by interrogatories or discovery furnishes no reason for requiring, by way of a bill of particulars, information which under the Rules can not properly be required by a bill of particulars.

Items 3, 4, 5, 6, 7, 10, 11, 12, 13 and 14 of the motion for a bill of particulars are denied.