**BAKELITE CORPORATION et al. v. LUBRI–ZOL DEVELOPMENT CORPORATION.**

No. 107.

District Court, D. Delaware.

Dec. 20, 1940.

Maxwell Barus (of Fish, Richardson & Neave) and F. W. Dodson, both of New York City, and Herbert L. Cohen, of Wilmington, Del., for plaintiffs.

John F. Oberlin and O. C. Limbach (of Oberlin, Limbach & Day), and David K. Ford, all of Cleveland, Ohio, and Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., for defendant.

NIELDS, District Judge.

·Defendant's motion for bill of particulars.

*Particulars 1, 2 and 3.* These are in the nature of interrogatories seeking proof of infringement of the patents in suit. Such evidentiary facts should be sought by discovery after issue joined and not by a motion for particulars. However, plaintiffs have voluntarily filed items 1(a) to (e) inclusive, 2(a), (c), (d) and 3(b) and (c). No answer is given to items 2(b) and 3(a). Each asks concerning the mode of manufacture. They call for detailed proofs not allowable in a bill of particulars.

*Particulars 4 and 5.* In an opinion of this court, 34 F.Supp. 142, filed July 9, 1940, the court held the existence of an actual controversy was adequately pleaded in the complaint. Therefore these particulars are denied.

*Particulars 6 to 9.* Defendant asks plaintiffs to identify by date, name of addressee and of the party sending the same any written notice of infringement of the patents in suit sent to plaintiffs and to their respective customers and prospective customers. This is a demand for evidence and should be denied.

*Particulars 10 and 11.* Defendant asks which of the prior patents and publications recited in paragraph 8(a) of the complaint and which of the instances of prior invention, prior use, etc. cited in paragraph 8(b) of the complaint are asserted to anticipate the patents in suit. The prior art, prior uses, etc. cited in these paragraphs are alleged in the complaint to be pertinent to all the patents in suit. Such particulars are not proper until defendant's answer is filed.

*Particular 12.* Defendant asks which of the defenses listed in paragraph 9 of the complaint are asserted against each of the patents in suit. According to the complaint these defenses are asserted against each patent in suit, except where the defenses are presented in subdivisions (h) and (i) of paragraph 9, where the particular patents to which these defenses relate are specified in the complaint.

*Particular 13.* Defendant asks plaintiffs to ·identify the papers they will rely upon in support of the defense pleaded in paragraph 9(e). This is the statutory defense that for the purpose of deceiving the public the patents were made to contain less than the whole truth relative to their discovery or invention. This is simply a request for evidence and should be denied.

*Particular 14.* Defendant asks plaintiffs to identify the admissions, representations and the particular patents upon which plaintiffs will rely in connection with the defense pleaded in paragraph 10 of the complaint. Paragraph 10 is the simple defense that the scope of the claims is limited by the file history. It is specifically set up in paragraph 10 as being relied upon in connection with each patent in suit. Such par-

ticulars are not needed to enable defendant to file its answer and should be denied.

An order may be submitted.