**FORT WAYNE CORRUGATED PAPER CO. v. ANCHOR HOCKING GLASS CORPORATION, et al.**

**No. 385 Civil Action.**

District Court, W. D. Pennsylvania.

Feb. 13, 1941.

See, also, D.C., 31 F.Supp. 403.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for plaintiff.

Elder W. Marshall, Jno. C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a suit involving, among other things, a claim for damages for the alleged failure of defendants to make purchases of shipping containers alleged to have been required by certain contracts between the parties. The original complaint stated this damage to be $250,000. By supplemental complaint filed on November 9, 1940, plaintiff fixed this claim at $450,000.

Defendants have now moved for a bill of particulars specifying the items which are intended to be comprised in the damage-claim of $450,000. This motion is predicated on Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permit a party to move "for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial."

We are of the opinion that the complaint is sufficiently definite, and will deny the motion.

Defendants' counsel have cited our opinion in Murphy v. E. I. DuPont De Nemours & Co., D.C., 26 F.Supp. 999, as supporting their motion. In this case we permitted an itemization of damages where there was a lump claim for damages for destruction of trees and growing trees, for injury to health, for inconvenience, depreciation in the value of real estate, a depreciation of the rental value of this real estate, and including also an exemplary damage-claim. That is not the situation of this case where we have merely a damage-claim for failure to purchase shipping containers alleged to

have been required of defendants by contract between the parties.

Certainly this information is not necessary to enable the defendants to prepare a responsive answer, or to prepare for trial. If defendants desire information as to the facts plaintiff hopes to prove, they may be obtained by interrogatories under Rule 33.

An order may be submitted denying defendants' motion for bill of particulars.