**MADSEN v. PALMER et al.**

District Court, S. D. New York.
April 19, 1941.

Arthur B. Lanphier, of Albany, N. Y., for plaintiff.

Edward R. Brumley, of New York City, N. Y., for defendants.

HULBERT, District Judge.

Motion for bill of particulars.

Rule 8, subdivision (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Subdivision (e) (1) provides: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Attached to the Rules is an Appendix of Forms "for illustration only." Form 14 sets forth the sufficiency of allegations in an action for negligence under Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The intended purpose of Rule 12(e) providing: "Before responding to a pleading * * * a party may move for a more definite statement * * * of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading * * *" is that such a motion shall be allowed in the sound discretion of the court only to amplify the allegations for the purpose of enabling the defendant to plead. See Moog v. Warner Bros. Pictures, D.C., 29 F.Supp. 479.

The complaint in this action, which is brought to recover damages for injuries resulting in the death of a locomotive engineer engaged in a switching movement in the railroad yards of the defendant, contains 18 paragraphs and the 12th paragraph has 14 subdivisions designated (a) to (n).

The defendant moves before answer for a bill of particulars of subdivisions b, c, g, j, k, l, and n, together with a statement of what plaintiff claims constitutes the average weekly earnings of the decedent for a period of two years preceding his death.

It is not apparent why the information sought is necessary to enable the defendant to answer.

The nature of the allegations, viz., that plaintiff's intestate was not furnished with a reasonably safe place in which to perform his duties as engineer upon locomotive No. 2441; the dangerous condition of the track

14

and roadbed plaintiff claims existed; in what respect the track was unsafe; in what respect defendants failed to protect the headend of the said train contrary to the rules and regulations made and promulgated by the defendants; in what respect the defendants failed to operate the railroad in conformity with the rules and regulations of the Interstate Commerce Commission; what adequate and sufficient rules to govern the movement and operation of trains plaintiff claims defendants failed to provide; what unsafe condition of the track and roadbed, upon which decedent was directed to proceed, plaintiff claims the defendants failed to warn him against; in what respect defendants were otherwise negligent, reckless and careless in the movement or operation of the said railroad, and in what respect plaintiff claims the defendants failed to perform their duties in accordance with the rules and regulations, promulgated by the plaintiff, readily suggest that the defendant will deny them regardless of their amplification.

While the plaintiff has the burden to establish these allegations, the defendants will have the opportunity as soon as issue has been joined, to examine the plaintiff and other witnesses under rule 26 et seq., for the purpose of preparing for trial.

The very fact that in this State the plaintiff is relieved of the burden of establishing freedom from contributory negligence in a death case indicates the rationale of the law in not placing any unjustifiable obstacle in the way of the prosecution of such a claim for damages. Motion denied. Submit order.