## BATTIN AMUSEMENT CO. v. COCALIS AMUSEMENT CO. et al.

### Civil No. 936.

District Court, D. New Jersey.
May 9, 1941.

Israel B. Greene, of Newark, N. J., for plaintiff.

Bilder, Bilder & Kaufman, by Samuel Kaufman, all of Newark, N. J., for defendants.

Arthur T. Vanderbilt, of Newark, N. J., for defendant Vitagraph, Inc.

WALKER, District Judge.

The defendants move for more definite statements or for bills of particulars.[1] They have agreed that the court pass upon the motions of the defendants, Vitagraph, Inc., Cocalis Amusement Co., a corporation, Cocalis Enterprises, Inc., a corporation, William A. Scully, James J. Thompson, and Evangelos Hardaloupas, individually and as executors and trustees under the last will and testament of Soteris D. Cocalis, deceased, and Monroe E. Stein,[2] and thereafter they will frame an Order covering each demand.

In ruling upon the motions so selected, we remember the purpose of pleading under the new rules, is to give notice of what an adverse party may expect to meet,[3] rather than frame issues.

A motion for a more definite statement or for a bill of particulars is not intended to obtain fact details, but, to enable a party to prepare his responsive pleading. The disjunctive statement, "or to prepare for trial" has received a very restricted interpretation.[4] To ascertain

---

[1] Rule 12(e), Federal Rules of Civil Procedure, Title 28 U.S.C.A., following Section 723c.

[2] Page 45 of Stenographer's Minutes.

[3] Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

A bill of particulars becomes a part of the pleading it supplements. Rule 12(e), Federal Rules of Civil Procedure, Title 28 U.S.C.A. following Section 723c.

[4] E. I. Dupont De Nemours & Co. v. Dupont Textile Mills, Inc., D.C.M.D.Pa., 26 F.Supp. 236; Fried v. Warner Bros. Circuit Management Corp., et al., D.C.E. D.Pa., 26 F.Supp. 603; Brinley v. Lewis, D.C.M.D.Pa., 27 F.Supp. 313; Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C.M.D.Pa., 27 F.Supp.

987; Pearson v. Hershey Creamery Co., D.C.M.D.Pa., 30 F.Supp. 82.

The following cases were taken from Bulletins issued by the Attorney General's Office: Gum, Inc., v. Gumakers of America, Inc., D.C.E.D.Pa., 1 F.R.D. 586; Philadelphia Retail Jewelers Ass'n et al. v. L. & C. Mayers Company, Inc., D.C. E.D.Pa., 1 F.R.D. 606; Fort Wayne Corrugated Paper Company v. Anchor Hocking Glass Corp. et al., D.C.,W.D.Pa., 1 F.R.D. 647; Philip B. Fleming v. Gitlin Bros. & Rush, Inc., D.C.E.D.Pa., 1 F.R. D. 608; Bakelite Corp. et al. v. The Lubri-Zol Development Corp., D.C.Del., 36 F.Supp. 105; Gallagher & Burton, Inc. v. Schenley Distributors, Inc., et al., D. C.E.D.Pa., 1 F.R.D. 439; Alex Lasicki v.

the facts the broad rules of discovery supersede the practice of framing issues by the pleadings. [5] As Dean, now Judge Clark, has said: "* * * if you want further evidence, you want it for two reasons, and they are both quite similar. One is to get further information to prepare your case; the other is for evidence for the trial. You do not get that by pleading, but you can get it by a full and complete system of discovery." [6]

The motion of the defendant, Vitagraph, Inc., for an order directing the plaintiff to furnish a more definite statement or a bill of particulars is denied.

The motion of the defendants, Cocalis Amusement Co., a corporation, Cocalis Enterprises, Inc., a corporation, William A. Scully, James J. Thompson, and Evangelos Hardaloupas, Individually and as Executors and Trustees under the last will and testament of Soteris D. Cocalis, deceased, and Monroe E. Stein, is granted as to the following:

1. As to the allegation of Paragraph 16:

(d)

(e)

(f)

(g)

Socony Vacuum Oil Company, Inc., D. C.M.D.Pa., 1 F.R.D. 384; United States ex rel. Morris L. Marcus, et al. v. William F. Hess, et al., D.C.W.D.Pa., 1 F. R.D. 282; U. S. A. for use and benefit of James B. Phillips v. Anthony P. Miller, Inc., et al., D.C.N.J., Mar. 25, 1940 (no opinion for publication); Kraft Corrugated Containers, Inc., v. Trumbull Asphalt Company of Delaware, D.C.N.J., 31 F.Supp. 314; Alropa Corp. v. Leo L. Heyn, et al., D.C.W.D.Pa., 30 F.Supp. 668, Nov. 28, 1939; Mabel D. Sharp v. Pennsylvania-Reading Seashore Lines, D. C.N.J., 1 F.R.D. 16, Nov. 9, 1939; Harvey S. Adams v. G. Stanley Hendel, et al., D.C.E.D.Pa., 28 F.Supp. 317, June 16, 1939.

[5] Rules 26 to 37, inclusive, Federal Rules of Civil Procedure, Title 28 U.S. C.A., following Section 723c. Montgomery's Manual of Federal Jurisdiction and Procedure.

[6] Proceedings, Institutes American Bar Association, Washington and New York, 1938, pp. 232, 242.