**MITCHELL v. BROWN et al.**

No. 149.

District Court, D. Nebraska, Lincoln
Division.

May 16, 1942.

Jean B. Cain, of Falls City, Neb., for plaintiff.

Henry F. Schepman, of Falls City, Neb., and John C. Mullen, of Omaha, Neb., for defendants.

DELEHANT, District Judge.

The plaintiff's complaint seeks recovery under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., against the defendants for alleged unpaid wages and for attorney's fee. It alleges that the defendants conduct a restaurant as an incident to their operation of a bus depot at Falls City, Nebraska, utilized by transportation companies engaged in interstate commerce; that the plaintiff was employed by the defendants in that business to do various kinds of work including the preparation of food for sale and service to passengers traveling in interstate commerce; and with some factual particularity that the wages paid him were less than the minimum wages allowable for the time worked by him.

The defendants before answering have filed two motions for more definite statements. They demand that the plaintiff allege, (1) whether his employment was by oral agreement or in writing; if the latter, the attachment of a copy of the writing; if the former, the details of the arrangement particularly with respect to the wage rate and plan of payment, i. e., whether it was determined upon an hourly, daily, or weekly basis; (2), the number of persons for whom he prepared food, who were traveling in interstate commerce, the dates and times of day of such preparation and whether he was paid for the hours spent in preparing food for persons traveling in interstate commerce, or whether he prepared such food in overtime periods; (3), the hours he worked during each day; (4), his compensation actually received for each hour, (5), the number of hours he worked overtime with precise dates and hours thereof; and (6), the kinds of work the plaintiff did, other than preparing food for sale to passengers traveling in interstate commerce.

The court's present consideration is solely of that motion. Neither the merits of the case nor the general adequacy of the complaint need presently be examined.

Under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion for a more definite statement or bill of particulars made by a defendant before answer will be sustained, if, but only if, the information which it seeks is reasonably necessary to enable the defendant to prepare his answer. Judicial decisions under the rule have consistently adhered to that construction of it, which construction is given clear emphasis in the more recent cases upon the point. United States v. Schine Chain Theatres, D.C., 1 F.R.D. 205; Madsen v. Palmer, D.C., 2 F.R.D. 13; Moog v. Warner Bros. Pictures, D.C., 29 F.Supp. 479; Poole v. White, D.C., 2 F.R.D. 40; Tully v. Howard, D.C., 27 F.Supp. 6; Brinley v. Lewis, D.C., 27 F.Supp. 313; Seaboard Midland Petroleum Corp. v. Socony Vacuum Oil Co., D.C., 2 F.R.D. 150; Klug v. Palmer, D.C., 2 F.R.D. 273; D.L. Stern Agency v. Mutual Benefit H. & A. Ass'n, D.C., 43 F.Supp. 167.

Thus in Martz v. Abbott, D.C., 2 F.R.D. 17, it was said: "In view of the broad provisions for depositions and discovery under Federal Rules a motion for a more definite statement should be granted only where the complaint is stated in such general terms that defendant cannot understand the general nature of the charges and cannot frame an answer or prepare for trial generally."

It is true that the rule allows the motion for "a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading *or to prepare for trial*." (Italics added.) But judicial opinions make it manifest that at the juncture in litigation with which the court is presently concerned, the phrase, "or to prepare for trial" is to receive a very restricted meaning; Battin Amusement Co. v. Cocalis Amusement Co., D.C., 1 F.R.D. 769; relates only to matters necessary to be known to the end that the defendant may put his pleadings in such shape that all the issues may understandingly be met; Egyes v. Magyar Nemzeti Bank, D.C., 1 F.R.D. 498; United States v. Schine Theatres, supra; and finally, is to be read with an effect substantially equal to the phrase, "prepare his

responsive pleading", United States v. Schine Chain Theatres, supra.

The reason for the judicial attitude reflected in these decisions is readily discernible. The rules of practice are to be understood in their entirety and not as detached and isolated units. In their analysis, neither the bench nor the bar may prudently be betrayed into the error of divorcing text from context. Accordingly, a plaintiff must not be deterred from alleging his grounds of recovery in "a short and plain statement of the claim showing that the pleader is entitled to relief", Rule 8(a) (2), by the apprehension that he will thereby subject his pleading to an inevitable and justified motion for a more definite statement or bill of particulars. Rule 12(e). Neglect of that truth by the courts will prompt the return to that prolixity in pleading whose elimination is the objective of Rule 8(a) (2) and indeed of a substantial part of the entire body of rules. Similarly, particulars of evidence may readily be obtained from a plaintiff through resort to the processes of examination of the adverse party, Rule 26; interrogatories, Rule 33; discovery and production of documents, Rule 34; requests for admissions, Rule 36; and depositions and discovery, Rule 37; all of which have direct pertinence to preparation for trial, as well as constituting in themselves steps in the actual trial of issues.

There is, consequently, under the current federal practice, no point or purpose in having recourse to a motion for more definite statement or bill of particulars, preliminary and solely incident to the presentation of the evidence. It has reference to the making up of the issues through the pleadings and to that only.

It is, therefore, consistently held that a pleader may not utilize the motion for a more definite statement or a bill of particulars for the procurement of matters of evidence. Stefaniak v. Boland, D.C., 2 F.R.D. 110; Smith v. Buckeye Incubator Co., D.C, 2 F.R.D. 134; United States v. Schine Chain Theatres, supra.

Nor should the court or the pleader neglect the relation of the parties to each other, or the nature and positions of the parties. Out of due appreciation of these factors has come the conclusion that on a motion of this character *only those particulars should be ordered, which,* besides being necessary for the formulation of a responsive pleading, *are not within the knowledge of the moving party.* Gum, Inc., v. Gumakers of America, D.C., 1 F.R.D. 586. A pleader is not entitled to an order requiring his adversary to particularize respecting details which are within the personal knowledge of the pleader himself.

Appraised by the foregoing tests, the defendants' motions are considered by the court not to be well taken.

With the possible exception of the elements of the motion filed on April 18, 1942, which are embraced within its paragraphs one (1) and two (2), and heretofore summarized as "(1)" by the writer of this memorandum, the information sought by both motions is patently evidentiary, and involves matters of detail which, if gratuitously pleaded by a plaintiff, would, in large part, though perhaps not entirely, be vulnerable to a motion to strike. Moreover, so far as it extends to payroll data, it is both in fact and by legal requirement, 29 U.S.C.A. § 211(c), if the defendants be subject to the provisions of the Fair Labor Standards Act of 1938, within the special knowledge and records of the defendants.

And, for the purpose which the motion serves under the Rules of Practice, the defendants are not entitled to the information they seek in paragraphs one (1) and two (2) of their motion of April 18, 1942, noted herein as "(1)" of that motion. It involves the form and content of the original contract of employment of the plaintiff by the defendants. With no purpose of generalization and expressly limiting its reasoning to the instant parties, the court is satisfied that the defendants are presently able to answer the plaintiff's allegations respecting the manner and terms of his employment. This is not a complex group or class action. The defendants are not a far flung enterprise, necessarily or probably operating through agents and officials with varied responsibilities and authority. A single plaintiff sues, for himself only, to recover wages alleged to be due from his two employers engaged as partners in the operation of a single, obviously small, business. The defendants must clearly have knowledge whether they employed him and if so when, whether orally or in writing, and upon what terms as to his duties and wages. And they must not be suffered needlessly to complicate the pleadings or delay the determination of the issues in this action by the allowance of a demand for information which is

not reasonably required for their present purposes.

An order is, therefore, being entered, concurrently with the filing of this memorandum, overruling both of the motions of the defendants, the one filed on April 15, 1942, and the other on April 18, 1942.