William S. Kaplan and William H. Murphy, both of Chicago, Ill., and Harold A. Palmer, of Omaha, Neb., for plaintiff.

B. J. Boyle, of Omaha, Neb., for defendant.

## CREEDON v. HEMPEL.

### Civ. A. No. 88.

District Court, D. Nebraska, Omaha Division.

Oct. 27, 1947.

DELEHANT, District Judge.

The defendant has presented a motion, (evidently, though in language, not accurately, designed to reach the objectives of Rule 12(e), Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c), for an order requiring that the plaintiff "make more definite and certain" his petition for injunctive relief under Section 206(b) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1896(b), and controlled Housing Rent Regulation issued thereunder, and for an equitable order requiring the refund to a designated tenant of certain allegedly excessive rentals and the purchase price for certain furniture received by the defendant, largely

during, but in respect of a small part of the rentals, after, the operation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., enforcement provision section 925(a, c). The information sought by the motion involves principally the dates, and method, of alleged payments of monthly rentals and a list of the items of furniture which, the plaintiff contends, the defendant required the tenant to purchase as a condition of leasing. The defendant has submitted a memorandum brief upon the motion; to which the plaintiff has made no answer.

But the motion is obviously not well taken and must be denied and overruled. Under Rule 12(e), such a motion will not be sustained unless the material sought is reasonably necessary to enable the moving party understandingly and intelligently to prepare his pleading responsive to the pleading against which the motion is directed. The decisions upon that point are numerous and conclusive. See discussion of this court in Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325, and United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510, 528, 529, 530, and the examination therein of authorities upon the point. If the prevailing judicial construction and application of the rule be questioned at this time, it may be suggested that the Supreme Court in its proposed amendments to the rules now before the congress has revised Rule 12(e) in such manner as formally to recognize, confirm and give effect to the view of its meaning that has appealed to the courts of the Federal system. The Supreme Court's proposed amendment is not yet operative and is not here administered. But it ought at least to set at rest any question about the significance of the rule in its present language.

The court is satisfied that the formal recording, in a bill of particulars or more definite statement, of the matters sought by the motion is wholly unnecessary to enable the defendant to answer. The complaint adequately sets out the particulars of the plaintiff's claim, the amount of the lawful monthly rent, the amount actually collected each month, and the duration and aggregate amount of the rental overcharge. It also alleges the compulsory purchase on or about a designated date by the tenant from the defendant of furniture and the amount allegedly received in that transaction by the defendant. No more is required.

It is manifest, too, that the actual facts are within the defendant's knowledge. See Mitchell v. Brown, supra. The acts complained of are said to have occurred entirely within the period of five months before the service of process in the action on the defendant. So, they are certainly not remote, nor are they complex, a single rental operation being involved. And as to the method used in payment of rentals, the information sought is evidentiary.

So much from the complaint itself; and that alone is the basis of the ruling now made. But, if the court were to resort to the defendant's argument in support of his motion, the result would be even more decisively adverse to him, for he states that litigation has already been instituted in one of Nebraska's courts, and trial had therein between the present defendant as plaintiff and his tenant as defendant, in which the matters now charged against the defendant were either placed in issue or discussed in testimony. This court may not suppose that, after that encounter, the defendant is so far uninformed of the particulars of the charge against him that he can not understandingly answer it. The defendant may, and probably does, desire to resort to that litigation in the state court in making his answer in this action. If so, it is within his personal knowledge. And it is equally clear that, in consequence of it, as well as for the other reasons already suggested, he also knows the facts whose narration he seeks in his motion.

An order is being entered overruling and denying the motion.