James Edward HISE, Plaintiff,

v.

**LOCKWOOD GRADER CORPORATION,**
and Thorval J. Lockwood, Defendants.

**Civ. A. No. 0190.**

United States District Court
D. Nebraska.

June 12, 1957.

Hans J. Holtorf, Jr., LaVerne H. Hansen, and Holtorf & Hansen, Gering, Neb., for plaintiff.

William H. Heiss, R. F. Lammers, and Heiss & Lammers, Gering, Neb., for defendants.

DELEHANT, District Judge (retired, serving by assignment).

The pending action was brought to obtain injunctive relief against the alleged infringement by defendants of certain letters patent allegedly belonging to plaintiff, covering a seed potato cutter machine; the appointment of a receiver to hold the profits said to be derived by defendants from such alleged infringement; an accounting for profits and damages; judgment for damages in the sum of four million dollars; and for general relief. The complaint, by way of extreme reliance on Rule 8(a), Fed.Rules Civ.Proc., 28 U.S.C.A., alleges only the issuance and plaintiff's ownership of the letters patent relied upon without other or further particularity, the starkly charged but unparticularized infringement of such letters patent by defendants, and plaintiff's giving of the statutory notice of patent and of notice of infringement. An answer and cross petition has been served and filed by defendants. That pleading is somewhat more detailed than the complaint. Yet, it too is almost destitute of detailed factual averments.

What is now before the court are a) Request by Defendants for Admissions by Plaintiff, and b) Objections to Request for Admissions by Defendants, served and filed by plaintiff (filings 25 and 26, respectively). Ostensibly filed under Rule 33, the request is actually— and by defendants' admission in their brief—made within Rule 36. The Request contains forty separate, but in a

measure related, demands. All of them are objected to. Individual, but relatively similar, objections are tendered to the first seven requests. Requests numbered eight to seventeen, both inclusive, are objected to in a group and on the same grounds "as set forth in objection to Request No. 1 through 7." And Requests numbered eighteen to forty, both inclusive, are also challenged as a group.

The court, upon a study of the files in the action, and especially of the pleadings now before it, and the typewritten briefs of counsel, considers that the objections are not well taken either entirely or in part, and in their entirety should be denied and overruled, and that plaintiff should be required to make timely answers to the requests. Very brief statement may be made of the reasons for that view.

Each of the several requests numbered from one through sixteen sets out the language of a separate supposed claim of an application for a designated patent on which plaintiff relies, and asks the admission of the existence of that language within that claim in the application, and the further admission that such "claim was disallowed by the United States Patent Office as fully anticipated and within the prior art and no appeal was taken from such disallowance." Request numbered seventeen is in the following language:

"That claim number 11 in the original application for Patent No. 2,722,256 now appears as claim 1 in the patent as issued, and is the only one of the 27 claims made in connection with the application for said patent that has been allowed."

Accepting the significance of the objections to those seventeen demands, as the plaintiff who objected has reflected it in his brief, each request is challenged because, as plaintiff contends,

"(a) Defendant requests (sic) plaintiff to admit the genuineness of certain documents obtained from the patent office, but failed and neglected

to serve copies of the documents upon the plaintiff;

"(b) The Request for Admission seeks the admission of facts irrelevant to the action; and

"(c) The claims were drafted by a patent attorney and the plaintiff has no independent knowledge of which claims were denied."

It is obvious that objection (a) is based upon a mistaken premise. None of those demands for admission requests the admission of the genuineness of any document. So the requirement of Rule 36(a) for the description in, and exhibition with, the request of the "relevant document" is simply inapplicable. What is requested in each instance is the truth of a relevant matter of fact. And from the language of the requests themselves the relevant matter of fact in each instance is clearly defined. Indeed, to the extent that the fact requested in any demand may be considered to be the presence in an application for patent of specific language, that language is set out verbatim in the particular demand. And to that extent, though unnecessarily, Rule 36(a) may be considered to have been complied with.

Nor is objection (b) well taken. The assertion of claims in an application for letters patent which are denied with finality in the patent proceeding may well have significance and relevance to the reach of a claim, or of claims, for which the patent is eventually allowed. At least, irrelevance does not yet appear from any demand and is not believed to exist.

And plaintiff may not be shielded from making answer by objection (c). He is the primary moving party in this case. He must know his facts and be prepared to assert them. And that is true of facts resting in declarations made in his behalf by his patent attorneys. He may not assert a demand rooted in the fruit of their labors and, doing so, disclaim knowledge of, or responsibility for, their representations made in his behalf to procure that fruit.

As to question numbered seventeen, it manifestly asks for the admission of a fact of whose truth or falsity plaintiff must already know, or, being yet without such knowledge, inform himself.

The objections to requests numbered eighteen to forty, both inclusive, are based upon the plaintiff's contention "that they require a construction of the claims allowed by plaintiff's patent." The quoted premise is partially true in respect of certain of those requests. But in the context of the pleadings, and especially of plaintiff's own complaint, it may not properly be allowed to shield plaintiff against the duty of answering the demands. The bare bones of the instant complaint have sustained plaintiff through the pleading phase of the case. In many opinions, e. g., United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510; Creedon v. Hempel, D.C.Neb., 7 F.R.D. 601; Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325, this court has supported such liberal application of Rules 8(a) and 12(e). It is persuaded that those rulings were and are correct. But the allowance of immunity to mandatory particularity in pleading does not foreshadow a like attitude towards demands for disclosures and admissions in the way of pretrial discovery proceedings. In the latter period of litigation frankness and candor and thorough exposure are required and it may well be considered that nothing is immune to inquiry if it be relevant and unprivileged. And the court is clearly of the opinion that the matters whose admission is sought in requests numbered from eighteen to forty is neither irrelevant nor privileged.

Finally, and with application to all forty of the requests for admission, it has to be recognized that the defendants' demands are aimed at the elimination of supposedly potential but not actual areas of difference and dispute between the parties, and the narrowing and numerical reduction of the questions in respect of which proof must be adduced upon the trial. Efforts in that direction should be favored by the courts, should

be prosecuted diligently and understandingly by the parties, and should meet with a bona fide cooperation and response from the party to whom they are directed. Admissions sought should be made insofar as they fairly and clearly reflect the facts. If and to the extent that they be not supported by the facts, the request for them should be met with denial, either in whole or in part, or with qualified admission, as the circumstances may require. But when they are answered the record made upon them should serve to eliminate from the actual trial a good many questions concerning which, for want of precision in the pleadings, evidence would, otherwise and quite purposelessly, have to be offered. Such results serve the causes of certainty, simplicity and economy in the administration of justice.

An order is, therefore, being made and given denying and overruling the objections in their entirety, requiring that the request for admissions, in its entirety and in its several parts, be answered by plaintiff, and allowing plaintiff the period from this date until July 10, 1957, within which to serve and file his answer or answers to such request.